**WILLKIE FARR & GALLAGHER LLP**
Benedict Y. Hur (SBN: 224018)
Simona Agnolucci (SBN: 246943)
Eduardo E. Santacana (SBN: 281668)
Tiffany Lin (SBN: 321472)
One Front Street, 34th Floor
San Francisco, CA 94111
Telephone:  (415) 858-7400
Facsimile:  (415) 858-7599
bhur@willkie.com
sagnolucci@willkie.com
esantacana@willkie.com
tlin@willkie.com

Attorneys for
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JONATHAN DIAZ and LEWIS BORNMANN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.  5:21-cv-03080-NC<br><br>**DEFENDANT GOOGLE LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 12(B)(6)**<br><br>Judge: Hon. Nathanael Cousins<br>Court: Courtroom 5 – 4th Floor<br>Date:  August 4, 2021<br>Time: 1:00 p.m. |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to Federal Rule of Evidence ("Rule") 201, Defendant Google LLC ("Google") hereby respectfully requests that the Court take judicial notice of the following materials in support of its Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), filed concurrently herewith.

1. **Exhibit 1**: *Use the COVID-19 Exposure Notifications System on your Android phone*, Google Play Help, https://support.google.com/googleplay/answer/9888358?hl=en (last visited June 7, 2021).

2. **Exhibit 2**: *Exposure Notifications: Using technology to help public authorities fight COVID-19*, Google COVID-19 Information and Resources, https://www.google.com/covid19/exposurenotifications/ (last visited June 7, 2021).

3. **Exhibit 3**: *Exposure Notifications: Frequently Asked Questions*, September 2020 v1.2, https://covid19-static.cdn-apple.com/applications/covid19/current/static/contact-tracing/pdf/ExposureNotification-FAQv1.2.pdf.

4. **Exhibit 4**: *CA Notify: Apps on Google Play*, Google Play, https://play.google.com/store/apps/details?id=gov.ca.covid19.exposurenotifications (last visited June 7, 2021).

5. **Exhibit 5**: *Privacy Policy*, CA Notify (effective Dec. 10, 2020), https://covid19.ca.gov/notify-privacy/ (last visited June 26, 2021).

Google brings this Request for Judicial Notice ("RJN") under Rule 201. The RJN is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, and the exhibits attached hereto.

WILLKIE FARR & GALLAGHER LLP

Date: June 29, 2021     By:  /s/ Benedict Y. Hur
                             Benedict Y. Hur
                             Simona Agnolucci
                             Eduardo E. Santacana
                             Tiffany Lin

                             Attorneys for Defendant
                             Google LLC

**MEMORANDUM OF POINTS AND AUTHORITIES**

The documents listed above are properly subject to judicial notice, and the Court should consider them when ruling on Google's Motion to Dismiss.

## I.   LEGAL STANDARD

Federal Rule of Evidence 201 allows a fact to be judicially noticed if it is "not subject to reasonable dispute" because it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Materials that are properly the subject of judicial notice, such as documents incorporated into the complaint by reference, may be considered along with the complaint when deciding a Rule 12(b)(6) motion to dismiss without converting the motion to dismiss into a motion for summary judgment. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 fn. 9 (9th Cir. 2012). If a plaintiff has referred to documents in the complaint, but failed to attach them, the court may incorporate those documents by reference into the complaint for purposes of deciding the motion to dismiss. *See Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1159-60 (9th Cir. 2012) (holding that the district court properly incorporated by reference disclosure documents that were referenced in, but not attached to the complaint). Where a complaint does not refer to a particular document, that document may be judicially noticed where the document is "central" to the complaint; that is, the complaint "necessarily relies on" the document. *See Ecological Rights Foundation v. Pacific Gas & Elec. Co.*, 713 F.3d 502, 511 (9th Cir. 2013) ("[e]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."); *United States ex. rel. Lee v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (taking judicial notice of compliance reports since the complaint expressly referred to and "necessarily relies on" them).

Courts in this district recognize that "as a general matter, websites and their contents may be proper subjects for judicial notice" if the party requesting notice provides the court with a copy of the specific web page." *Caldwell v. Caldwell*, No. 05-cv-4166, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006); *see also Trudeau v. Google LLC*, 349 F. Supp. 3d 869, 876 (N.D. Cal. 2018)

(taking judicial notice of various versions of Google's websites showing terms of service, the opt-out website, and the website at which advertisers accepted or declined the terms of service); *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1205 (N.D. Cal. 2014) (taking judicial notice of web pages); *Kinderstart.com, LLC v. Google, Inc.,* No. C 06- 2057 JF (RS), 2007 WL 831806, at *21 n. 20 (N.D. Cal. Mar. 16, 2007) (taking judicial notice of a web page printout).  Courts may also take judicial notice of "matters of public record." *Corinthian Colleges*, 655 F.3d at 999. Government websites are presumed reliable and government records are often judicially noticeable because they are public records.  *Lopez v. Bank of America, N.A.*, No. 20-cv-04172-JST, 2020 WL 7136254, at *6 (N.D. Cal. 2020) (taking judicial notice of information from government websites relied upon in plaintiff's complaint).

## II. THE EXHIBITS MAY BE JUDICIALLY NOTICED BECAUSE THEIR ACCURACY AND RELIABILITY ARE NOT SUBJECT TO REASONABLE DISPUTE

### A. The Exhibits are referenced in and are central to Plaintiffs' Complaint

Exhibits 1 through 4 are referenced in, and central to Plaintiffs' Complaint, as they describe the background, purpose, and function of the Google Exposure Notifications ("EN") system, and particularly that of the CA Notify app that Plaintiffs used.  See ECF 1 ¶¶ 14 n.3, 18 n.7, 24 n.12, 28 n.16.  The websites referenced in Plaintiffs' Complaint are not subject to reasonable dispute.  *See, e.g.*, *Lopez*, 2020 WL 7136254 (taking judicial notice of information from websites relied upon in plaintiff's complaint).

Additionally, central to Plaintiffs' Complaint and incorporated by reference into the Complaint, is the Privacy Policy for CA Notify, attached hereto as Exhibit 5.  The Privacy Policy is central to the Complaint because it shows the terms of the contact-tracing app that Plaintiffs consented to when downloading and activating CA Notify.  The app's terms that Plaintiffs consented to, and of which they were aware when using CA Notify, are central to Plaintiffs' privacy claims because effective consent can negate a privacy claim.  Plaintiffs' claims, which arose when they were using the CA Notify app, depend on the argument that they never authorized the EN system, through the CA Notify app, to access their information.  *See, e.g.*, *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (recognizing the incorporation-by-reference

doctrine applied to a document on which the plaintiff's claim depended, "even though the plaintiff [did] not explicitly allege the contents of that document in the complaint."). The incorporation-by-reference doctrine exists in part to prevent artful pleading by plaintiffs who "select[] only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002–03 (9th Cir. 2018). The incorporation-by-reference doctrine applies with "equal force to internet pages," because "a computer user necessarily views web pages in the context of the links through which the user accessed those pages." *Knievel*, 393 F.3d at 1076.

**B.     The Exhibits are publicly available documents not subject to reasonable dispute**

Exhibits 1 through 5 are publicly available web pages, and are not subject to reasonable dispute. *See, e.g.*, *Caldwell*, 2006 WL 618511, at *4. Indeed, numerous courts in this district have recognized terms of service and privacy policies as judicially noticeable. *See Gonzales v. Uber Techs., Inc.*, 305 F. Supp. 3d 1078, 1094 (N.D. Cal. 2018) (taking judicial notice of Lyft's terms of service); *Opperman v. Path, Inc.*, 84 F. Supp. 3d 962, 975 (N.D. Cal. 2015) (taking judicial notice of the Software License Agreements, Privacy Policy, iOS Human Interface Guidelines, and Apple's App Store Approval Process instructions "as they are publicly available, standard documents that are capable of ready and accurate determination."); *Matera v. Google Inc.*, No. 15-CV-04062-LHK, 2016 WL 5339806, at *7 (N.D. Cal. Sept. 23, 2016) (taking judicial notice of Google's terms of service and privacy policy); *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 WL 5423918, at *7 (N.D. Cal. Sept. 26, 2013) (taking judicial notice of Google's "terms of service" and "privacy policies"); *In re Google, Inc. Privacy Policy Litig.*, No. C 12-01382 PSG, 2012 WL 6738343, at *3-4 (N.D. Cal. Dec. 28, 2012) (taking judicial notice of Google's "past and present Terms of Service and Privacy Policies" as matters of public record).

Moreover, the CA Notify Privacy Policy in Exhibit 5 is not subject to reasonable dispute as it is a document on a government website and therefore is part of the public record. *See, e.g.*, *L'Garde, Inc. v. Raytheon Space and Airborne Systems*, 805 F. Supp. 2d 932 (C.D. Cal. 2011) (taking judicial notice of records search from the California Secretary of State website since the information was part of the public record and documents on government website were not subject

to reasonable dispute); *In re Amgen Inc. Securities Litig.*, 544 F. Supp. 2d 1009 (C.D. Cal. 2008) (taking judicial notice of drug labels from the Food and Drug Administration website); *County of Santa Clara v. Astra USA, Inc.*, 401 F. Supp. 2d 1022 (N.D. Cal. 2005) (taking judicial notice of description of price-control regime on the Department of Health and Human Services website).

Given the undisputed nature of the exhibits, and Plaintiffs' reliance on them for the claims alleged, the Court can properly take judicial notice of the exhibits when considering Google's Motion to Dismiss.

**III.   CONCLUSION**

For the reasons stated herein, Google requests that the Court take judicial notice of Exhibits 1 through 5 attached to the Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), filed concurrently herewith.

WILLKIE FARR & GALLAGHER LLP

Date: June 29, 2021         By:   */s/ Benedict Y. Hur*
                                  Benedict Y. Hur
                                  Simona Agnolucci
                                  Eduardo E. Santacana
                                  Tiffany Lin

                                  Attorneys for Defendant
                                  Google LLC