1   LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
    Michael W. Sobol (SBN 194857)
2   Melissa Gardner (SBN 289096)
    Ian Bensberg (*pro hac vice pending*)
3   275 Battery Street, 29th Floor
    San Francisco, CA 94111-3339
4   (415) 956-1000

5   LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
    Nicholas Diamand (*pro hac vice pending*)
6   ndiamand@lchb.com
    Douglas Cuthbertson (*admitted pro hac vice*)
7   dcuthbertson@lchb.com
    250 Hudson Street, 8th Floor
8   New York, NY  10013
    Telephone:  212.355.9500
9   Facsimile:  212.355.9592

10  *Counsel for Plaintiffs and the Proposed Class*

11              UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13                  SAN JOSE DIVISION

14

15  JONATHAN DIAZ and LEWIS          Case No. 5:21-cv-03080-NC
    BORNMANN, on behalf of themselves
16  and all others similarly situated,   **DECLARATION OF DOUGLAS I.**
                                         **CUTHBERTSON IN SUPPORT OF**
17                  Plaintiffs,          **PLAINTIFFS' MOTION FOR**
                                         **PRELIMINARY APPROVAL OF CLASS**
18          v.                           **ACTION SETTLEMENT**

19  GOOGLE LLC,

20                  Defendant.

21

22

23

24

25

26

27

28

Douglas I. Cuthbertson declares and states as follows:

1.      I am an attorney duly licensed to practice law in the State of New York and admitted *pro hac vice* to practice before this Court.  *See* Dkt. 8.  I am a partner at the law firm Lieff, Cabraser, Heimann & Bernstein, LLP ("LCHB"), and serves as counsel of record for the proposed settlement class in the above-captioned case (the "Lawsuit").

2.      I make this Declaration in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.  Except where otherwise stated, I have personal knowledge of the facts set forth in this Declaration based on active participation in all aspects of the prosecution and resolution of the Lawsuit.  If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

## I.      <u>Factual Background</u>

3.      Detailed forensic analysis was conducted as part of Plaintiffs' investigation into the conduct underlying their claims and in support of the filed complaints.  That work allowed Plaintiffs to identify specific data comprising personally identifiable information and data showing positive COVID-19 diagnoses that were logged on Android system logs and transmitted side-by-side to Google's servers from users who participated in the EN system.

## II.     <u>Early Resolution Process</u>

4.      In August 2021, the Parties began to explore early resolution of this matter, after Google explained that it believed it had resolved the privacy concerns stemming from the alleged design flaw of the EN System that formed the basis of Plaintiffs' claims.

5.      As part of that process, Plaintiffs demanded extensive factual disclosure necessary to reach an informed judgment about Google's understanding and investigation of the issue and whether Google made the technological changes necessary to remedy the alleged fundamental error in the EN System.

6.      In September 2021, Plaintiffs proposed that their consulting expert be allowed to speak with and question a Google representative on a number of highly relevant technical issues in an informal setting under the auspices of F.R.E. 408.  This would allow for a more efficient and expeditious exchange of information than a formal deposition, while ensuring that any

confidential information conveyed by Google would remain protected as a settlement communication.

7.      Google agreed, and in September and October 11, 2021, the Parties negotiated the scope of and procedures for this informational session, including the list of topics Plaintiffs' consulting expert could address.

8.      Plaintiffs' consulting expert conducted the session on November 22, 2021, where he asked and had answered numerous technical questions concerning Plaintiffs' allegations, the past and current architecture of the EN System, and Google's practices relating to the treatment of data generated by the EN System.

9.      After reviewing and analyzing additional written materials provided by Google in December 2021 and January 2022 after the November exchange, as well as the information conveyed during the November exchange, Plaintiffs determined that there was sufficient grounds to attempt to mediate this matter.

**III.      The Parties Mediate before Judge Ambler**

10.      The Parties agreed to mediate this case before the Hon. Read Ambler (Ret.) of JAMS.

11.      After submitting their respective mediation statements, the Parties conducted three mediation sessions remotely via Zoom on January 31, 2022, February 7, 2022, and February 11, 2022, exchanging proposed terms of the Settlement with Judge Ambler's guidance.

12.      Between mediation sessions, the Parties continued to exchange proposals on outstanding points of dispute via Judge Ambler, who provided continued direction and supervision of the Parties' efforts.

**IV.      The Scope of the Settlement Agreement Release**

13.      The Settlement does not address claims for damages or other monetary relief, and only releases claims for injunctive relief that relate to the handling of Google's EN System data on system logs, and not any claims concerning Google handling of any other type of data on system logs.   In other words, the Settlement Agreement releases only claims concerning EN

System data, rather than a broader universe of claims directed to Google's logging practices in general, as to non-EN System data.

## V.    The Class Has Been Vigorously Represented.

14.    Before Plaintiffs commenced this action, Counsel conducted a thorough forensic investigation into the nature of the security vulnerabilities they observed in the EN System and the possible consequences thereof, and researched the applicable privacy law and California state law that protects the confidentiality of individually identifiable medical information.

15.    Plaintiffs drafted and filed two complaints in support of their claims and started discovery by conducting a Rule 26(f) conference, serving initial disclosures and an initial round of Requests for Production and Interrogatories, and negotiating and litigating an ESI Protocol and Protective Order.

16.    Plaintiffs had drafted their response to Google's most recent motion to dismiss and request for judicial notice, but put those to the side shortly before the filing deadlines to commence the early resolution process described above.

## VI.    Counsel Will Seek Reasonable Attorneys' Fees and Expenses

17.    After the Parties reached agreement in principle with respect to the substantive terms of the Settlement, including: (i) the proposed injunctive relief; (ii) the recognition of remedial measures; and (ii) Google's representations and warranties, the Parties agreed that Class Counsel may move the Court for Google to pay an award of reasonable attorneys' fees and expenses.  Because this Settlement provides injunctive relief only under Rule 23(b)(2), any award of attorneys' fees and expenses will not come out of a common fund.

18.    I conducted an initial review of LCHB's time and expenses, recorded using the firm's time and expense management system. Based on this initial review, through May 4, 2022, LCHB has incurred a total lodestar of approximately $899,298 covering 1,311.30 hours.

19.    In addition, through May 2, 2022, LCHB has incurred approximately $55,349.38 in costs and expenses, including expert fees, the vast majority of which comprised consulting expert and mediation costs.

20.     Class Counsel's fee application will likely seek a positive multiplier on its lodestar, however, Class Counsel's fee application will not seek an award of fees that exceeds a 2.0 multiplier on its lodestar.

21.     LCHB, in accordance with this District's Procedural Guidance for Class Action Settlements, will set forth in the application for attorneys' fees and expenses to be filed on the schedule to be set by the Court their final accounting of time and expense details, along with sworn declarations attesting to the accuracy of the same.

22.     Further, LCHB will spend the requisite additional time and expense necessary to fully implement the parties' settlements, to address class member inquiries, and to present the Settlement to the Court for final approval.

## VII.   <u>Settlement Administration Selection Process</u>

23.     To select a settlement administrator, the Parties solicited bids from four well-known and experienced administrators. Specifically, the Parties required that any proposal employ contemporary methods of notice with a robust digital media campaign to ensure the broadest and most effective reach possible.

24.     After considering the bids, the Parties selected KCC Class Action Services, LLC ("KCC"), based on its vast experience in similar class actions and a notice plan proposal that includes innovative, thoughtful, and technologically sophisticated means of notice to Settlement Class Members.

25.     Class Counsel have previously worked with KCC on four different matters in the past two years.

## VIII.  <u>Service Awards</u>

26.     Each Plaintiff devoted extensive resources and energy to this Lawsuit.  Plaintiffs provided information to Class Counsel that informed the class action complaints and, thereafter, regularly communicated with Class Counsel about strategy and major case developments throughout the litigation.

27.     Plaintiffs showed willingness and engagement throughout the early resolution process, receiving appropriate updates about the general status of that process, and how and why it provided sufficient information to warrant mediation.

28.     Each Plaintiff provided his mobile device to Class Counsel, so that those devices could be completely forensically imaged and safely preserved for discovery purposes.

29.     Each Plaintiff reviewed and approved the Settlement after consulting with Class Counsel.

## IX.     Settlement Agreement

30.     Attached hereto as Exhibit 1 is a true and correct copy of the final and fully executed Class Action Settlement and Release.

## X.     Qualifications of Counsel

### A.     LCHB

31.     I am one of the lead partners at LCHB on this case, and I have been involved in every aspect of it from inception through the present.  I graduated from Bowdoin College in 1999. I graduated from Fordham University School of Law in 2007. I served as a judicial law clerk to the Honorable Andrew J. Peck, U.S. District Court, Southern District of New York, from 2007 to 2009.  From 2009 until 2012, I practiced with Debevoise & Plimpton, LLP, and have practiced with LCHB since 2012, where I became a partner in January 2016. At LCHB, I have focused on representing plaintiffs in financial and consumer fraud cases, including privacy class actions such as this one.  I have served as plaintiffs' class counsel in numerous nationwide class action cases, serving as lead counsel in numerous cases.

32.     Michael Sobol is also one of the lead partners at LCHB on this case, and has also been involved in every aspect of it from inception through the present.  He is the Chair of LCHB's Cybersecurity and Data Privacy practice group. Mr. Sobol received his J.D. in 1989 from Boston University School of Law. Since joining LCHB in 1997, Mr. Sobol has represented plaintiffs in numerous nationwide consumer protection, data privacy and other class actions and complex matters. Mr. Sobol is widely recognized for his expertise and substantial experience in the area of digital privacy and security, including most recently by the Daily Journal as a "Top

1  Cyber/Artificial Intelligence Lawyer," 2018-2019; by Law360 as "MVP for Cybersecurity and

2  Privacy" in 2017; and by the National Law Journal as "Cybersecurity & Data Privacy

3  Trailblazer" in 2017.

4      33.     LCHB is one of the oldest, largest, most-respected, and most-successful law firms

5  in the country representing plaintiffs in class actions, and brings to the table a wealth of class

6  action experience.  A copy of LCHB's firm resume, which describes the firm's experience in

7  class action and other complex litigation, can be found at

8  www.lieffcabraser.com/pdf/Lieff_Cabraser_Firm_Resume.pdf, and is not attached hereto given

9  its length. This resume is not a complete listing of all cases in which LCHB has been class

10  counsel or otherwise counsel of record.

11      34.     The other principal LCHB attorneys and staff working on this matter include

12  LCHB partner Melissa Gardner, associate Ian Bensberg, and staff member Ariana Delucchi.

13      35.     Melissa Gardner received her J.D. in 2011 from Harvard Law School. Ms.

14  Gardner joined LCHB as an associate in 2012 and became a partner at the firm in 2019. Ms.

15  Gardner focuses her practice on representing plaintiffs in consumer protection and digital privacy

16  class action litigation, and has significant experience with class action consumer privacy

17  litigation.

18      36.     Ian Bensberg received his J.D. in 2016 from Maurer School of Law at Indiana

19  University Bloomington. Before joining LCHB as an associate in 2020, Mr. Bensberg served as a

20  judicial law clerk to the Honorable Paul D. Mathias, Indiana Court of Appeals, the Honorable

21  Sarah Evans Barker, U.S. District Court for the Southern District of Indiana, and the Honorable

22  David F. Hamilton, U.S. Court of Appeals for the Seventh Circuit. Since joining LCHB, Mr.

23  Bensberg has represented plaintiffs in major litigations, including *TransUnion v. Ramirez*, No.

24  20-297 (U.S.), and *In re National Prescription Opiate Litigation*, No. 1:17-md-2804 (N.D. Ohio).

25      37.     Ariana Delucchi is a paralegal. She obtained her Bachelor of Arts from the

26  University of San Francisco in 2010 and her Paralegal Studies Certificate from San Francisco

27  State University in 2017.

28      I declare under penalty of perjury of the laws of the United States that the foregoing is true

and correct

Executed on this 6th day of May, 2022, at New York, New York.


By:  */s/ Douglas Cuthbertson*
        Douglas Cuthbertson

# EXHIBIT 1

1
2
3
4
5                     UNITED STATES DISTRICT COURT

6                   NORTHERN DISTRICT OF CALIFORNIA

7                          SAN JOSE DIVISION

8
JONATHAN DIAZ and LEWIS                    Case No.  5:21-cv-03080-NC
9   BORNMANN, on behalf of themselves
and all others similarly situated,        **CLASS ACTION SETTLEMENT
10                                              AGREEMENT AND RELEASE**
                  Plaintiffs,
11
v.
12
GOOGLE LLC,
13
                  Defendant.
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

This CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE ("Settlement Agreement") is entered into by and between Plaintiffs Jonathan Diaz and Lewis Bornmann ("Plaintiffs"), on behalf of themselves and all others similarly situated, and Defendant Google LLC ("Defendant" or "Google") (collectively, with Plaintiffs, the "Parties").  This Settlement Agreement is conditioned upon and subject to approval of the Court as required by Rule 23 of the Federal Rules of Civil Procedure.  The Parties hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Settlement Agreement, the Lawsuit (as defined below) and all Settled Claims (as defined below) shall be finally and fully settled, compromised, and released, on the following terms and conditions:

## RECITALS

1. WHEREAS, on April 27, 2021, after conducting a pre-filing investigation into potential security vulnerabilities regarding Google's Exposure Notifications System for COVID-19 contact tracing, Plaintiffs filed a Class Action Complaint in the United States District Court for the Northern District of California, titled *Diaz, et al. v. Google, LLC*, No. 3:21-cv-3080-NC (N.D. Cal.) (the "Lawsuit");

2. WHEREAS, on June 29, 2021, Google filed a motion to dismiss Plaintiffs' complaint (*see* Dkt. 18);

3. WHEREAS, on July 20, 2021, Plaintiffs filed an Amended Class Action Complaint in the Lawsuit (*see* Dkt. 25) (the "Amended Complaint") pursuant to Fed. R. Civ. P. 15(a)(1);

4. WHEREAS, the Amended Complaint alleges that confidential medical information and other personally identifiable information was logged onto Android mobile device system logs in a manner that violated (i) the common law claim of intrusion upon seclusion; (ii) the right to privacy under California Constitution Article 1, Section 1; (iii) the common law claim of public disclosure of private facts; and (iv) the California Confidentiality of Medical Act, Cal. Civ. Code §§ 56 *et seq*.

5. WHEREAS, on August 25, 2021, Google filed a motion to dismiss the Amended Complaint (*see* Dkt. 37);

6.      WHEREAS, from August 2021 through January 2022, the Parties explored early resolution, eventually agreeing upon a process whereby Google provided highly confidential technical information in various forms to Plaintiffs concerning the core technological issues relevant to the allegations in Plaintiffs' Amended Complaint;

7.      WHEREAS, in November 2021, in furtherance of early resolution, Google agreed to engage in an exchange of information directly with a consulting expert designated by Plaintiffs regarding the following topics: (i) Plaintiffs' allegations; (ii) Google's past and current architecture of the EN System; and (iii) Google's practices relating to the treatment of data generated by the EN System;

8.      WHEREAS, in December 2021 and January 2022, following the exchange of information, upon Plaintiffs' request, Google provided additional highly confidential written information and materials;

9.      WHEREAS, the Parties and their respective counsel engaged in extensive, arm's length mediation sessions conducted by Zoom on January 31, 2022, February 7, 2022, and February 11, 2022, with the Hon. Read Ambler (Ret.) of JAMS, which ultimately resulted in the Parties reaching an agreement in principle on February 18, 2022, to settle the Lawsuit on the terms and conditions embodied in this Settlement Agreement;

10.      WHEREAS, as part of this settlement, Google has agreed to provide certain representations and warranties as set forth below, which Plaintiffs rely upon in agreeing to settle the Lawsuit;

11.      WHEREAS, on the basis of Plaintiffs' extensive pre-filing investigation, their evaluation and analysis of highly confidential technical information provided by Google as part of the agreed-upon early resolution process, and Google's representations and warranties as set forth herein, Plaintiffs believe that the proposed settlement embodied in this Settlement Agreement is fair, reasonable, and adequate under the higher level of scrutiny required in this Circuit for settlements negotiated prior to class certification, and in the best interests of the putative Settlement Class (as defined below), and that this Settlement Agreement should be approved by

the Court under Rule 23(e) of the Federal Rules of Civil Procedure and relevant law within this District;

12.    WHEREAS, Google, in entering into this Settlement Agreement, denies any and all wrongdoing whatsoever, and believes that the proposed settlement embodied in this Settlement Agreement is fair, reasonable, and adequate under the higher level of scrutiny required in this Circuit for settlements negotiated prior to class certification, and that this Settlement Agreement should be approved by the Court under Rule 23(e) of the Federal Rules of Civil Procedure and relevant law within this District;

13.    WHEREAS, the Settlement Agreement resolves the Lawsuit in its entirety as to Google, without any admission of liability or wrongdoing of any kind whatsoever, and the Parties intend this Settlement Agreement to bind the Parties;

14.    WHEREAS, the Parties believe that this Settlement Agreement can and should be approved to avoid the time, expense, and uncertainty of protracted litigation; and in the event that this Settlement Agreement does not receive final and binding approval from the Court or is terminated according to its terms, Plaintiffs expressly reserve the right to seek discovery, file for class certification, and try their case to judgment, while Defendant expressly reserves all of its rights, including the right to move to dismiss the Amended Complaint and to challenge class certification; and

NOW THEREFORE, IT IS STIPULATED AND AGREED, subject to approval by the Court, by and among the Parties, as follows:

**1.    DEFINITIONS.**  In addition to the terms defined herein, and as used in this Settlement Agreement, the following terms shall be defined as follows:

1.1    "**Class Counsel**" means Michael W. Sobol and Douglas I. Cuthbertson of the law firm of Lieff Cabraser Heimann & Bernstein, LLP.

1.2    "**Class Representatives**" means Plaintiffs Jonathan Diaz and Lewis Bornmann.

1.3    "**Court**" means the United States District Court for the Northern District of California.

**1.4** "**Effective Date**" means either: (a) the date of the Final Approval Order, if no objections are timely filed; (b) the expiration date of the time for filing notice of any appeal from the Final Approval Order by the Court if any timely objections are filed but no appeal is filed; or (c) if an appeal is filed, the latest of (i) the date of final affirmance of the Final Approval Order, (ii) the expiration of the time for a petition for writ of certiorari to review the Final Approval Order if affirmed and, if the certiorari is granted, the date of final affirmance of the Final Approval Order following review pursuant to that grant; or (iii) the date of final dismissal of any appeal from the Final Approval Order or the final dismissal of any proceeding on certiorari to review the Final Approval Order that has the effect of confirming the Final Approval Order.  The occurrence of the Effective Date does not require that Class Counsel's request for an award of reasonable attorneys' fees and expenses be Final.

**1.5** "**EN System**" means Google's Exposure Notifications APIs and/or Google's Template EN Express App.

**1.6** "**EN System data**" means data alleged in the Amended Complaint to have been generated by the EN System prior to the code changes described in Section 3 below and that could have allegedly allowed an inference of COVID status.

**1.7** "**Final**" means, with respect to any judicial ruling or order, that: (1) if no appeal, motion for reconsideration, reargument and/or rehearing, or petition for writ of certiorari has been filed, the time has expired to file such an appeal, motion, and/or petition; or (2) if an appeal, motion for reconsideration, reargument and/or rehearing, or petition for a writ of certiorari has been filed, the judicial ruling or order has been affirmed with no further right of review, or such appeal, motion, and/or petition has been denied or dismissed with no further right of review.

**1.8** "**Final Approval Order**" means an order granting final approval of the settlement embodied in this Settlement Agreement with respect to the relief to the Settlement Class (including Class Representative service awards, and expressly exempting attorneys' fees and expenses) and dismissing with prejudice all Settled Claims against Google in the Lawsuit, which the Parties will request be entered as a separate judgment pursuant to Federal Rule of Civil Procedure 54(b).

**1.9** **"Google-Apple Exposure Notification System"** means the coronavirus disease 2019 (COVID-19) contact tracing system developed by Google and Apple for mobile devices in 2020.

**1.10** **"Order on Attorneys' Fees"** means an order regarding Class Counsel's application for an award of reasonable attorneys' fees and expenses which the Parties will request be entered as a separate judgment pursuant to Federal Rule of Civil Procedure 54(b).

**1.11** **"Preliminary Approval Order"** means the order entered by the Court preliminarily approving the Settlement Agreement, in substantially the same form as attached hereto. *See* Ex. A.

**1.12** "**Settled Claims**" means any claim, liability, right, demand, suit, matter, obligation, actions, or causes of action, of every kind and description, that the releasing parties had, or may have, against Google that were or could have been brought under the identical factual predicate in the Lawsuit. "Settled Claims" includes causes of action regarding the handling of EN System data on system logs. However, "Settled Claims" does not include claims for damages or other monetary relief.

**1.13** "**Released Parties**" means Defendant together with its predecessors, successors (including, without limitation, acquirers of all or substantially all of its assets, stock or other ownership interests) and assigns; the past, present, and future, direct and indirect, parents (including, but not limited to holding companies), subsidiaries and affiliates of any of the above; and the past, present, and future principals, trustees, partners (including, without limitation, affinity, agent bank, and private label and co-brand partners), privies, associates, employers, consultants, independent contractors, members, accountants, underwriters, lenders, auditors, officers, managing directors, directors, employees, agents, attorneys, shareholders, financial and other advisors, affiliates, insurance carriers, predecessors, successors (including, without limitation, acquirers of all or substantially all of their assets, stock, or other ownership interests), assigns, successors in interest, representatives, heirs, executors, estates, and administrators of any of the above.

1.14    **"Releasing Parties"** means Settlement Class Members on behalf of themselves, present or past heirs, executors, estates, administrators, predecessors, successors, or assigns.

1.15    "**Settlement Agreement**" means this Class Action Settlement Agreement and Release.

1.16    "**Settlement Class**" means all natural persons in the United States who downloaded or activated a contact tracing app incorporating the Google-Apple Exposure Notification System on their mobile device.  Excluded from the Class are Google, its current employees, officers, directors, legal representatives, heirs, successors and wholly or partly owned subsidiaries or affiliated companies; the undersigned counsel for Plaintiffs and their employees; and the judge and court staff to whom this case is assigned.

1.17    **"Settlement Class Member"** means an individual in the Settlement Class.

## 2.    SETTLEMENT APPROVAL.

2.1    The Parties shall cooperate in good faith, and agree, subject to their fiduciary and other legal obligations, to take all reasonably necessary steps to obtain the Court's approval of the terms of this Settlement Agreement.

2.2    For the purposes of settlement only and the proceedings contemplated herein for effectuating the Settlement Agreement, Plaintiffs shall move the Court to certify the Settlement Class pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure and this District's Procedural Guidance for Class Action Settlements.  Google will not oppose certification of the Settlement Class for settlement purposes only.

2.3    Plaintiffs shall move, and Google shall not oppose, that the Court: (1) designate Plaintiffs as Class Representatives for the Settlement Class and appoint Michael W. Sobol and Douglas I. Cuthbertson of Lieff Cabraser Heimann & Bernstein, LLP as Class Counsel for the Settlement Class; (2) approve the form and manner of notice to the Settlement Class; (3) appoint a Class Settlement Administrator to implement the notice plan; (4) schedule deadlines for (i) Plaintiffs to file their Motion for Final Approval (the "Final Approval Motion") and for Class Counsel to file their separate motion for an award of reasonable attorneys' fees and expenses (the "Attorneys' Fees Motion"); (ii) Settlement Class Members to file objections to the Settlement or

1    Attorneys' Fees Motion, and for Class Counsel to respond to any such objections; and (5)

2    schedule a Final Approval Hearing to consider Plaintiffs' Final Approval Motion and Attorneys'

3    Fee Motion.

4        **2.4**    The Parties shall request that the Final Approval Order be entered as a separate

5    judgment pursuant to Federal Rule of Civil Procedure 54(b).  The Parties shall request that the

6    Court consider Plaintiffs' motion for entry of the Final Approval Order prior to the Court

7    considering Class Counsel's request for an award of reasonable attorneys' fees and expenses.

8    **3.     RECOGNITION OF REMEDIAL MEASURES**

9        **3.1**    Google has taken several measures to remedy what Plaintiffs allege to be a

10   security vulnerability in its EN System made known to Google and then raised by Plaintiffs in

11   their Amended Complaint in this Lawsuit. These remedial measures include: (1) software code

12   changes Google rolled out to EN users on April 21, May 5, and May 26, 2021, to improve how

13   technical information is logged to Android system logs to provide additional privacy protection

14   for users of contact tracing apps, and (2) implementing and completing a process designed to

15   search for and eliminate EN System data Google may find within its databases.

16   **4.     REPRESENTATIONS AND WARRANTIES.**  Upon execution of this Settlement

17   Agreement, Google represents and warrants that the following statements are true:

18       **4.1**    Google does not place any data in Android mobile device system logs generated

19   by Google's EN System from which a particular user's health status could be inferred, even if

20   another party knew to whom the system log belongs. Google has represented to and described to

21   Plaintiffs' counsel and their consulting expert that log lines created by the EN System would not

22   allow a third party to understand or infer any meaning concerning a user's COVID status.

23       **4.2**    Google has implemented and completed a process designed to review its system

24   for the information alleged in Plaintiffs' Amended Complaint and eliminate EN System data it

25   may find within its databases.

26       **4.3**    Google issued a "Partner Security Advisory" to third parties that may have had

27   access to Android mobile device system logs explaining that,"[i]n February 2021, Google was

28   advised of a vulnerability whereby rotating Bluetooth identifiers utilized by the exposure

Notification system were included in logcat's memory buffer, which is accessible to privileged applications with the READ_LOGS privileged permission" and that "[a] fix for this issue was released with Google Play Services version 21.15. As with all Google Play Services updates, the staged release of the fix to devices will complete over the coming days." Google also stated that it "had no indication that these identifiers were used inappropriately, such as to identify any users of Exposure Notifications." Google advised these third parties to "redact[] all potentially sensitive information from logcat logs whenever they are collected without explicit user consent" and to "update their filtering to take account of this issue, including retroactively scrubbing any device-wide logcat logs collected from devices running Google Play Services versions starting at 20.15 (first rolled out on 4/13/2020) up to and including 21.14." After issuing this Advisory, Google also released notes and source code changes to publicly demonstrate the changes Google made to the EN System-logged activity names.

    **4.4**    Google has evaluated the likelihood of access to and subsequent misuse of EN System data logged to users' devices. That review has identified no evidence of abuse or misuse by anyone of EN System data that was logged to device system logs.

    **4.5**    Google conducted an investigation revealing that no team at Google sought to or attempted to link EN and non-EN System data contained in Android mobile device system logs for any such use by Google and that the investigation revealed no attempts by Google employees or any unauthorized persons to connect EN System data with any personally identifying information of any user for use by Google.

**5.**    **INJUNCTIVE RELIEF**.  As consideration for the complete and final settlement of the Lawsuit, the releases, and other promises and covenants set forth in this Settlement Agreement, and subject to the other terms and conditions herein, Google agrees to the following injunctive relief listed below in this section.  Google agrees to make these changes without any admission of fault or wrongdoing, or any concession that its prior practices or procedures violated, or were insufficient to comply with, any applicable law, rule, or regulation.

    **5.1**    Google shall not revert the software code changes described in Sections 3 and 4 above.

- 8 -

**5.2**     Google shall confirm in writing that, after a good-faith, thorough search, it has identified no EN System data on its internal systems from which any employee could draw any inference about the health status of an EN user.

**5.3**     Google shall edit the following Google webpage on the EN System, http://www.google.com/covid19/exposurenotifications/, to revise the "Exposure Notifications and your privacy" section to explain and describe the heightened security and privacy protections that address the concerns that Plaintiffs raised in this Lawsuit and in their Amended Complaint (the webpage need not explicitly reference this Lawsuit or settlement in that section).

**5.4**     Plaintiffs may seek from the Court an injunction to enforce the terms of this Agreement, including Google's Representations and Warranties.

**6.     SETTLEMENT ADMINISTRATOR.**

**6.1**     The Parties will obtain bids, which will include a proposed notice plan, from four potential settlement administrators. The Parties shall jointly select one from among those who have presented a bid and request contemporaneously with seeking preliminary approval that the Court appoint the selected entity as Settlement Administrator ("Settlement Administrator").

**6.2**     The Settlement Administrator shall be responsible for effectuating class notice consistent with the terms of the Settlement Agreement.  Google shall have the sole responsibility to pay for and fund all costs associated with the class notice program described below, including all fees and expenses of the Settlement Administrator.

**7.     NOTICE.**

**7.1**     The Parties shall jointly request that the Court approve a class notice program designed to reach the members of the Settlement Class in a manner that complies with the Federal Rules and this District's Procedural Guidance for Class Action Settlements.

**7.2**     The program shall include a case-specific settlement website (e.g., www.Googleexposurenotificationimprovements.com) (the "Settlement Website") with user-friendly design that highlights Google's contact tracing efforts, with a title such as: "Notice of Improvements to Privacy and Security of Contact Tracing Exposure Notification System," or some other title acceptable to Google.  The notice will first describe the improvements and their

benefits, and then describe the litigation.  The Settlement Website will include at least the following information: (i) improvements made by Google to its EN System and information learned by Plaintiffs about Google's management of EN System data that led to Plaintiffs' agreement to dismiss their claims and settle; (ii) stand-alone descriptions of the injunctive relief and remedial measures; and (iii) a summary of the Lawsuit and the settlement.  The Settlement Website will also include (i) a "Contact Us" page with settlement administrator information; (ii) the Settlement Agreement, motions for approval and for attorneys' fees and any other important documents in the case; and (iii) important case dates and deadlines.

**7.3**     The program shall also: (1) establish a toll-free telephone line for Settlement Class members with an interactive voice response ("IVR") system to provide Settlement Class Members with responses to frequently asked questions and provide essential information regarding the litigation that is accessible 24 hours a day, 7 days a week, and (2) publicize notice via fair, well-crafted banner ads to direct attention to the Settlement Website and reach Settlement Class Members on websites, social media, or apps where Settlement Class Members are likely to visit.

**7.4**     All forms of notice must be in plain language and easily understandable, taking into account any special concerns about the language needs of the Settlement Class Members. The Parties will agree on (i) the final text of the notice before it is published; (ii) all aspects of any advertisements, including, but not limited to, its text and graphics, before they are served; and (iii) the domain name of, and all content and language displayed on, the Settlement Website. The Settlement Administrator shall effectuate the notice plan as approved, and pursuant to the timetable set, by the Court.

**7.5**     Within thirty (30) days of the entry of the Preliminary Approval Order, Google shall pay to the Settlement Administrator its estimated costs of such notice.

**8.     CLASS REPRESENTATIVE SERVICE AWARDS.**

**8.1**     The Class Representatives may apply to the Court as part of this Agreement for Class Representative service awards of $2500 each.  Google will not oppose this application.

**8.2** Class Counsel shall include any request for Class Representative service awards in its motion for final approval and the Final Approval Order.

**8.3** Within twenty-one (21) calendar days of the Effective Date, Google shall pay the Class Representatives' service awards by ACH payment or wiring those funds to Class Counsel at Lieff Cabraser Heimann & Bernstein, LLP's State Bar Attorney Client Trust account, unless the Court deviates from the amount the Class Representatives request, in which case Google will pay the service awards within thirty (30) days. Class Counsel shall cause payment of each Class Representative's service award to each Class Representative within ten (10) business days of receipt of the funds from Google.

## 9. AWARD OF ATTORNEYS' FEES AND EXPENSES.

**9.1** The Parties agree that Class Counsel may move the Court for an award of reasonable attorneys' fees and expenses (including expert fees). Google expressly reserves the right to contest the amount of Plaintiffs' request for reasonable attorneys' fees and expenses, except that the Parties will accept, and not appeal, the Court's order on attorneys' fees and expenses.

**9.2** Defendant shall pay such award of attorneys' fees and expenses within fourteen (14) days of the later of the Court's entry of the Final Approval Order or the Order on Attorneys' Fees, unless the Court deviates from the amount Class Counsel requests, in which case Defendant will pay the award of attorneys' fees and expenses within forty-five (45) days. Defendant shall pay the full amount of attorneys' fees and expenses awarded to Class Counsel by ACH payment or by wiring the funds to Class Counsel at Lieff Cabraser Heimann & Bernstein, LLP's State Bar Attorney Client Trust account.

**9.3** The Court's entry of an Order on Attorneys' Fees, or any motions challenging the entry of that order, or any appeal thereon, and any order modifying, amending or reversing the Order on Attorneys' Fees, shall not operate in any way to terminate or cancel this Settlement Agreement, nor affect or delay the force and effect of the Final Approval Order.

## 10. RELEASES AND WAIVERS OF RIGHTS.

     **10.1**   **Release**.  In consideration of the covenants and agreements contained herein, the Plaintiffs and Releasing Parties hereby fully and forever release Google and the Released Parties from any and all Settled Claims, and Plaintiffs and Releasing Parties covenant and agree that they will not take any step whatsoever to assert, sue on, continue, pursue, maintain, prosecute, or enforce any of the Settled Claims, directly or indirectly, against the Released Parties.  The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Lawsuit and any and all Settled Claims, as against all Released Parties.

**11.**    **NO ADMISSION OF LIABILITY OR WRONGDOING**.

     **11.1**   Defendant expressly disclaims and denies any wrongdoing or liability.  This Settlement Agreement, and any and all negotiations, statements, documents, discussions, and/or proceedings in connection with this Settlement Agreement, shall not be construed as or deemed to be evidence of an admission or concession by Defendant of any liability or wrongdoing by Defendant or the Released Parties, and shall have no precedential value; provided, however, that nothing contained herein shall preclude use of the Settlement Agreement in any proceeding to enforce the terms of this Settlement Agreement.

**12.**    **FAIR, REASONABLE, AND ADEQUATE SETTLEMENT**.  The Parties believe this Settlement Agreement is a fair, reasonable, and adequate settlement of the Lawsuit under the higher level of scrutiny required in this Circuit for settlements negotiated prior to class certification, and have arrived at this Settlement Agreement through arm's length negotiations (including multiple mediation sessions conducted by the Hon. Read Ambler (Ret.) of JAMS)), taking into account all relevant factors, present and potential.

**13.**    **AUTHORITY**.

     **13.1**   **Real Parties in Interest**.  In executing this Settlement Agreement, Plaintiffs, on behalf of themselves and the Settlement Class, represent and warrant that, as far as they are aware, Settlement Class Members are the only persons having any interest in any of the claims that are described or referred to herein, or in any of the pleadings, records, and papers in the Lawsuit, and, except as provided herein, Plaintiffs are unaware of said claims or any part thereof having been assigned, granted or transferred in any way to any other person, firm, or entity.

**13.2    Voluntary Agreement**.  This Settlement Agreement is executed voluntarily and without duress or undue influence on the part of or on behalf of the Parties, or of any other person, firm, or entity.

**13.3    Binding on Successors**.  This Settlement Agreement shall bind and inure to the benefit of the respective successors, assigns, legatees, heirs, and personal representatives of each of the Parties.

**13.4    Parties Represented by Counsel**.  The Parties hereby acknowledge that they have been represented in negotiations for and in the preparation of this Settlement Agreement by independent counsel of their own choosing, that they have read this Settlement Agreement and have had it fully explained to them by such counsel, and that they are fully aware of the contents of this Settlement Agreement and of its legal effect.

**13.5    Authorization**.  Each Party warrants and represents that there are no liens or claims of lien or assignments, in law or equity or otherwise, of or against any of the claims or causes of action released herein, and, further, that each Party is fully entitled and duly authorized to give this complete and final release and discharge.

**14.    NOTICE PURSUANT TO 28 U.S.C. § 1715**.  Google shall serve notice of the Settlement Agreement that meets the requirements of 28 U.S.C. § 1715, on the appropriate federal and state officials no later than ten (10) days following the filing of this Settlement Agreement with the Court.  The Parties shall request that the Court schedule any fairness hearing for a date that is in compliance with the provisions of 28 U.S.C. § 1715(d).

**15.    CONSTRUCTION AND INTERPRETATION**.  Neither the Parties nor their respective counsel shall be deemed the drafter of this Settlement Agreement for purposes of interpreting any provision hereof in any judicial or other proceeding that may arise between or among them.

**16.    GOVERNING LAW**.  This Settlement Agreement is entered into in accordance with the laws of the State of California and shall be governed by and interpreted in accordance with the laws of the State of California, without regard to its conflict of law principles.

**17.    FURTHER ASSURANCES**.  Each of the Parties hereto shall execute and deliver any and all additional papers, documents, and other assurances, and shall do any and all acts or things

reasonably necessary in connection with the performance of its or his or her obligations hereunder to carry out the express intent of the Parties hereto.

**18.      TERMINATION**.  This Settlement Agreement may be terminated by either Plaintiffs or Defendant by serving on counsel for the opposing party and filing with the Court a written notice of termination within 10 days (or such longer time as may be agreed between Class Counsel and Defendant) only upon any of the following occurrences listed below in 18.1-18.3.  In the event of an occurrence giving rise to a basis for termination of this Settlement Agreement, Class Counsel and Google agree to negotiate reasonably and in good faith an appropriate amended settlement agreement.

   **18.1**      The Court rejects, materially modifies, or materially amends or changes the terms of the settlement as embodied in this Settlement Agreement;

   **18.2**      The Court declines to enter without material change the material terms in the proposed Preliminary Approval Order or the Final Approval Order; or

   **18.3**      An appellate court reverses the Final Approval Order, and the settlement is not reinstated and finally approved without material change by the Court on remand.

**19.      DISMISSAL WITH PREJUDICE.**  Plaintiffs shall file a dismissal of the Lawsuit pursuant to Federal Rule of Civil Procedure 54(b) with prejudice in the United States District Court for the Northern District of California within five (5) days of the Effective Date, with each Party to bear its own fees and costs, except as provided in Section 9 of this Settlement Agreement, which establishes that Class Counsel may make an application for an award of reasonable attorneys' fees and expenses to be entered as a separate judgment pursuant to Federal Rule of Civil Procedure 54(b).

**20.      NO FURTHER DISCOVERY OR MOTION PRACTICE.**  The Parties shall neither serve nor seek any further discovery in the Lawsuit unless and until the Court denies approval of the Settlement Agreement.

**21.      CONTINUING JURISDICTION**.  The Parties to this Settlement Agreement stipulate that the Court shall retain personal and subject matter jurisdiction over the Lawsuit after the entry of the Final Approval Order to oversee the implementation and enforcement of this Settlement

Agreement, the order preliminarily approving the Settlement Agreement, the Final Approval Order, and the determination of Class Counsel's request for reasonable attorneys' fees, expenses, and any award thereon.

**22.     NOTICES.**  Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the date of electronic mailing.  Postal mailing will be provided as well, addressed as follows:

> To Class Counsel
>
> Douglas I. Cuthbertson
> dcuthbertson@lchb.com
> LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
> 250 Hudson Street, 8th Floor
> New York, NY 10013-1413
>
> To Google's counsel
>
> Benedict Y. Hur
> bhur@willkie.com
> WILLKIE FARR & GALLAGHER LLP
> One Front Street
> San Francisco, CA 94111

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

**23.     COUNTERPARTS**.  This Settlement Agreement may be executed in counterparts, each of which shall constitute an original, but all of which together shall constitute one and the same instrument. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart.  Photocopies of executed copies of this Settlement Agreement may be treated as originals.

IN WITNESS WHEREOF, each of the signatories has read and understood this Settlement Agreement, has executed it, and represents that he or she is authorized to execute this Settlement Agreement on behalf of the Party or Parties he or she represents, who or which has agreed to be bound by its terms and has entered into this Settlement Agreement.

Agreed to by:

DocuSigned by:

*Nora Puckett*                                    5/5/2022

DB45A1943EAE4F1...

_____          _____
Jonathan Diaz                          Date                          Date
*Plaintiff and Class Representative*       Nora Puckett
                                        Director, Litigation
                                        *Defendant Google LLC*

                                                                      5/5/2022

_____          _____
Lewis Bornmann                         Date   Benedict Y. Hur                  Date
*Plaintiff and Class Representative*       *Counsel for Google LLC*

_____
Michael W. Sobol                       Date
*Counsel for Plaintiffs and the*
*Settlement Class*

1   **23.     COUNTERPARTS.**  This Settlement Agreement may be executed in counterparts, each

2   of which shall constitute an original, but all of which together shall constitute one and the same

3   instrument. The several signature pages may be collected and annexed to one or more documents

4   to form a complete counterpart.  Photocopies of executed copies of this Settlement Agreement

5   may be treated as originals.

6        IN WITNESS WHEREOF, each of the signatories has read and understood this

7   Settlement Agreement, has executed it, and represents that he or she is authorized to execute this

8   Settlement Agreement on behalf of the Party or Parties he or she represents, who or which has

9   agreed to be bound by its terms and has entered into this Settlement Agreement.

10   Agreed to by:

11                                5/5/2022
     _____      _____        _____      _____
12   Jonathan Diaz                  Date               Nora Puckett                  Date
     *Plaintiff and Class Representative*              Director, Litigation
13                                                     *Defendant Google LLC*

14

15   _____      _____        _____      _____
     Lewis Bornmann                 Date               Benedict Y. Hur              Date
16   *Plaintiff and Class Representative*              *Counsel for Google LLC*

17

18   _____      _____
     Michael W. Sobol               Date
19   *Counsel for Plaintiffs and the*
     *Settlement Class*

20

21

22

23

24

25

26

27

28

**23.**   **COUNTERPARTS**.  This Settlement Agreement may be executed in counterparts, each of which shall constitute an original, but all of which together shall constitute one and the same instrument. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart.  Photocopies of executed copies of this Settlement Agreement may be treated as originals.

IN WITNESS WHEREOF, each of the signatories has read and understood this Settlement Agreement, has executed it, and represents that he or she is authorized to execute this Settlement Agreement on behalf of the Party or Parties he or she represents, who or which has agreed to be bound by its terms and has entered into this Settlement Agreement.

Agreed to by:

_____   Date
Jonathan Diaz
*Plaintiff and Class Representative*

_____   Date
Nora Puckett
Director, Litigation
*Defendant Google LLC*

_____   5/5/2022   Date
Lewis Bornmann
*Plaintiff and Class Representative*

_____   Date
Benedict Y. Hur
*Counsel for Google LLC*

_____   Date
Michael W. Sobol
*Counsel for Plaintiffs and the
Settlement Class*

**23.    COUNTERPARTS**.  This Settlement Agreement may be executed in counterparts, each of which shall constitute an original, but all of which together shall constitute one and the same instrument. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart.  Photocopies of executed copies of this Settlement Agreement may be treated as originals.

IN WITNESS WHEREOF, each of the signatories has read and understood this Settlement Agreement, has executed it, and represents that he or she is authorized to execute this Settlement Agreement on behalf of the Party or Parties he or she represents, who or which has agreed to be bound by its terms and has entered into this Settlement Agreement.

Agreed to by:

_____    Date          _____    Date
Jonathan Diaz                              Nora Puckett
*Plaintiff and Class Representative*       Director, Litigation
                                           *Defendant Google LLC*


_____    Date          _____    Date
Lewis Bornmann                             Benedict Y. Hur
*Plaintiff and Class Representative*       *Counsel for Google LLC*

_____    5/6/2022
Michael W. Sobol                           Date
*Counsel for Plaintiffs and the*
*Settlement Class*

# EXHIBIT A

1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JONATHAN DIAZ and LEWIS
BORNMANN, on behalf of themselves
and all others similarly situated,

                    Plaintiffs,

        v.

GOOGLE LLC,

                    Defendant.

Case No. 5:21-CV-03080-NC

**[PROPOSED] ORDER GRANTING
PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AND DIRECTING
NOTICE TO THE SETTLEMENT CLASS**

On _____, 2022, a hearing was held on the motion of Plaintiffs Jonathan Diaz and Lewis Bornmann ("Plaintiffs") for an order in the above-captioned putative class action (the "Action") as follows: (1) finding the Court will likely approve the parties' proposed Fed. R. Civ. P. 23(b)(2) class action settlement (the "Settlement"); (2) finding the Court will likely certify the Settlement Class for purposes of judgment; (3) appointing Plaintiffs as Class Representatives for the Settlement Class[1]; (4) appointing Michael W. Sobol and Douglas I. Cuthbertson of Lieff, Cabraser, Heimann & Bernstein, LLP as Class Counsel for the Settlement Class; (5) directing notice to the Settlement Class and approving the form and manner of the notice plan; and (6) scheduling deadlines for (i) Plaintiffs to file their Motion for Final Approval (the "Final Approval Motion") and for Class Counsel to file their separate motion for an award of reasonable attorneys' fees and expenses (the "Attorneys' Fees Motion"); (ii) Settlement Class Members to file objections to the Settlement or Attorneys' Fees Motion, and for Class Counsel to respond to any such objections; and (iii) a hearing on the final approval of the Settlement and Attorneys' Fees Motion.

Having considered Plaintiffs' Motion for Preliminary Approval and all exhibits and other evidence submitted in supporting thereof, the Court hereby ORDERS that Plaintiffs' Motion is GRANTED as follows:

## I.   Nature of Action

Google LLC and Apple, Inc. developed the Google-Apple Exposure Notification System, a COVID-19 contact tracing system for mobile devices, in 2020. Plaintiffs allege that Google LLC ("Google" or "Defendant") – via its COVID-19 contact tracing Exposure Notifications System (the "EN System," consisting of Google's Exposure Notifications APIs and/or Google's Template EN Express App) – logged confidential medical information and other personally identifiable information onto Android mobile device system logs in a manner that violated (i) the common law claim of intrusion upon seclusion; (ii) the right to privacy under California Constitution Article 1, Section 1; (iii) the common law claim of public disclosure of private facts;

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement Agreement.

- 1 -

[PROPOSED] ORDER GRANTING PLAINTIFFS'
MOTION FOR PRELIMINARY APPROVAL
CASE NO.: 5:21-CV-03080-NC

and (iv) the California Confidentiality of Medical Act, Cal. Civ. Code §§ 56 *et seq*.  *See* generally Dkt. 37 (Amended Complaint).

Google denies any and all wrongdoing and/or liability.

## II.     **Class Certification for Purposes of Settlement**

The Court hereby finds it will likely certify the Settlement Class for purposes of judgment on the Settlement.  The Settlement Class is defined as follows: "all natural persons in the United States who downloaded or activated a contact tracing app incorporating the Google-Apple Exposure Notification System on their mobile device.  Excluded from the Class are Google, its current employees, officers, directors, legal representatives, heirs, successors and wholly or partly owned subsidiaries or affiliated companies; the undersigned counsel for Plaintiffs and their employees; and the judge and court staff to whom this case is assigned."  Settlement Agreement, ¶ 1.15.

The Court is likely to find that the Settlement Class independently satisfies all of the requirements for certification under Federal Rules of Civil Procedure 23(a) and (b)(2):

(a)     Members of the Settlement Class are so numerous that joinder of all members in a single proceeding would be impracticable, if not impossible, because of their numbers and dispersion;

(b)     There are questions of law and fact common to the members of the Settlement Class;

(c)     The Plaintiffs that seek to represent the Settlement Class have claims that are typical of the claims of the Settlement Class that they seek to represent;

(d)     Plaintiffs that seek to represent the Settlement Class have fairly and adequately represented the interests of the Settlement Class and will continue to do so;

(e)     Plaintiffs and the Settlement Class Members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting class actions such as this one; and

(f)     Google has acted on grounds that apply to the respective Settlement Class defined in the Settlement, so that final injunctive relief is appropriate to the Settlement

1    Class defined in the Settlement.

2    Accordingly, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(2), the Court

3    certifies the Settlement Class and appoints Plaintiffs and their Counsel as representatives of the

4    Settlement Class.

5    **III.    Preliminary Approval of the Settlement**

6    A trial court may approve a proposed settlement if it is determined to be "fair, reasonable,

7    and adequate." Fed. R. Civ. P. 23(e)(2). Preliminary approval should only be granted where the

8    parties have "show[n] that the court will likely be able to . . . approve the proposal under Rule

9    23(e)(2)." Fed. R. Civ. P. 23(e)(1)(B); *see also O'Connor v. Uber Technologies, Inc.*, No. 13-cv-

10   03826-EMC, 2019 WL 1437101, at *4 (N.D. Cal. 2019). "The Court cannot, however, fully

11   assess such factors until after the final approval hearing; thus, a full fairness analysis is

12   unnecessary at th[e] [preliminary approval] stage." *Uschold v. NSMG Shared Services*, LLC, 333

13   F.R.D. 157, 169 (N.D. Cal. 2019) (quoting *Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 665 (E.D. Cal.

14   2008) (internal quotation marks omitted)). And while the trial court must make a preliminary

15   finding of fairness, there is a "'strong judicial policy that favors settlements, particularly where

16   complex class action litigation is concerned.'" *See Ayala v. Coach, Inc.*, No. 14-CV-02031-JD,

17   2016 WL 9047148, at *2 (N.D. Cal. Oct. 17, 2016) (quoting *Class Ptfs. v. City of Seattle*, 955

18   F.2d 1268, 1276 (9th Cir. 1992)).

19   The Settlement provides the following relief:

20   (1) Google has taken several measures to remedy the alleged security vulnerability in its

21   EN System made known to Google and then raised by Plaintiffs in their Amended Complaint in

22   this Lawsuit. These remedial measures include: (i) software code changes Google rolled out to

23   EN users on April 21, May 5, and May 26, 2021 to improve how technical information is logged

24   to Android system logs to provide additional privacy protection for users of contact tracing apps

25   and (ii) implementing and completing a process designed to search for and eliminate the data

26   alleged in the Amended Complaint to have been generated by the EN System prior to the code

27   updates described in subsection (i) in this paragraph and that could have allegedly allowed an

28   inference of COVID status ("EN System data") Google may find within its databases.

[PROPOSED] ORDER GRANTING PLAINTIFFS'
MOTION FOR PRELIMINARY APPROVAL
CASE NO.: 5:21-CV-03080-NC

(2) Google shall implement the following injunctive relief:  (i) not revert the software code changes described in the Settlement Agreement; (ii) confirm in writing that, after a good-faith, thorough search, it has identified no EN System data on its internal systems from which any employee could draw any inference about the health status of an EN user; and (iii) edit the following Google webpage on the EN System, http://www.google.com/covid19/exposurenotifications/, to revise the

"Exposure Notifications and your privacy" section to explain and describe the heightened security and privacy protections that address the concerns that Plaintiffs raised in this Lawsuit and in their Amended Complaint.

Google has also made certain representations and warranties in the Settlement Agreement concerning a number of issues central to Plaintiffs' allegations, including the results of Google's own investigation into Plaintiffs' allegations.  In addition, the release for any Settled Claims does not include claims for damages or other monetary relief.

The Court hereby finds that it is likely to approve the proposed Settlement under the relevant factors for final approval, including under the "heightened fairness inquiry" required for settlement agreements negotiated before class certification.  *See Roes, 1-2 v. SFBSC Mgmt.*, LLC, 944 F.3d 1035, 1048-49 (9th Cir. 2019).  The Court has reviewed the terms of the Settlement,[2] including the injunctive relief provided to the Settlement Class, Google's recognition of remedial measures, Google's representations and warranties, the release of claims, and Plaintiffs' motion papers.  Based on review of those papers and its familiarity with the Lawsuit, the Court finds and concludes that the Settlement is the result of good-faith, prolonged, serious, informed, and non-collusive arms'-length negotiations after Class Counsel had adequately investigated Plaintiffs' claims and become familiar with their strengths and weaknesses, including through an early resolution process, whereby Plaintiffs and their consulting expert evaluated and analyzed highly confidential technical information provided by Google.  As part of that process, Google agreed to engage in a live exchange of information directly with a consulting expert designated by Plaintiffs regarding the following topics: (i) Plaintiffs' allegations; (ii) Google's past and current

---

[2]The Settlement is attached as Exhibit ___ to the Joint Declaration.

architecture of the EN System; and (iii) Google's practices relating to the treatment of data generated by the EN System.  *See* Settlement, ¶ 7.  Following this live exchange, upon Plaintiffs' request, Google also provided additional highly confidential written information and materials, which Plaintiffs' consulting expert reviewed and analyzed.  *See id.*, ¶ 8.  The subsequent assistance of the Honorable Read Ambler (Ret.) of JAMS, who conducted mediation sessions by Zoom on January 31, 2022, February 7, 2022, and February 11, 2022, also supports the finding that the Settlement is non-collusive.  The Settlement will also avoid substantial additional costs to all parties, as well as avoid the delay and risks presented by further prosecution of issues during pre-trial, trial, and possible appeal.

Based on all of these factors, including: (i) remedial measures Google has taken to address the security vulnerability alleged by Plaintiffs in their Amended Complaint concerning Google's EN System; (ii) the strengths of the proposed injunctive relief; and (iii) the representation and warranties made by Google, the Court concludes that the Settlement meets the criteria for preliminary settlement approval and that it also complies with the preliminary approval requirements of the Northern District of California's Procedural Guidance for Class Action Settlements, https://www.cand.uscourts.gov/ClassActionSettlementGuidance.

The Settlement has no obvious defects and is likely to be approved as fair, reasonable, and adequate under the higher level of scrutiny required in this Circuit for settlements negotiated prior to class certification, such that notice to the Settlement Class is appropriate.

**IV.    Notice**

"For any class certified under Rule 23(b)(1) or (b)(2), the court may direct appropriate notice to the class." Fed. R. Civ. P. 23(c)(2)(A). The parties here agreed to a notice program calculated to inform the public about the terms of the Settlement. The Court approves, as to form and content, the proposed notice program, which is designed to reach the members of the Settlement Class, and to inform them about the Settlement on the following website: www.Googleexposurenotificationimprovements.com ("Settlement Website").  The Settlement Website will include at least the following information: (i) improvements made by Google to its EN System and information learned by Plaintiffs about Google's management of EN System data

that led to Plaintiffs' agreement to dismiss their claims and settle; (ii) stand-alone descriptions of the injunctive relief and remedial measures; (iii) a summary of the Lawsuit and the settlement. The Settlement Website will also include (i) a "Contact Us" page with settlement administrator information; (ii) the settlement agreement, motions for approval and for attorneys' fees and any other important documents in the case; and (iii) important case dates and deadlines.

The proposed notice program is reasonable. Information about the Settlement and links to the Settlement Website will be published online using advertisements on websites likely to be visited and used by Settlement Class Members. While Rule 23 "expressly requires notice only in actions certified under Rule 23(b)(3)," 2003 Advisory Comm. Notes on Fed. R. Civ. P. 23, the parties have agreed to provide Notice to alert the Settlement Class to the Settlement, including the agreed-upon injunctive relief, remedial measures, and representations and warranties made by Google. The Court finds and concludes that the proposed notice plan will provide notice in a reasonable manner and that it satisfies applicable guidance concerning the form and content of class notice.

Within ten (10) business days following the entry of this Order, the Settlement Administrator ("KCC Class Action Services, LLC"), shall implement the agreed upon notice plan and begin to disseminate notice to the Settlement Class, pursuant to the notice program as described herein, in the Settlement Agreement, and in Plaintiffs' preliminary approval papers. Pursuant to the Settlement Agreement, Google shall pay the cost of the Notice plan within thirty (30) days of the entry of this order.

As part of the Final Approval Motion, Plaintiffs shall submit declarations to the Court confirming compliance with the notice provisions set forth above.

**V.     CAFA Notice**

The Court finds that Google has complied with the Class Action Fairness Act ("CAFA"). Under CAFA, within "10 days after a proposed settlement of a class action is filed in court, each defendant that is participating in the proposed settlement" must serve notice of the proposed settlement upon "the appropriate State official of each State in which a class member resides and the appropriate Federal official." 28 U.S.C. § 1715. The Motion for Preliminary Approval of

1  Class Action Settlements was filed on _____.  Google has filed Notices of Compliance with

2  CAFA attesting that, no later than _____, 2022, notice of the Settlement containing all

3  documents required by 28 U.S.C. § 1715(b)(1)-(8) was served upon the Attorney General of the

4  United States of America and the appropriate state officials in all states in which a Settlement

5  Class Member is known to reside.  *See* Dkt. ___.

6  **VI.    Final Approval Hearing**

7  The Court hereby schedules a hearing (the "Final Approval Hearing") to determine

8  whether to grant final approval of the Settlement as well as to rule on Class Counsel's motion for

9  an award of reasonable attorneys' fees, costs and expenses ("Attorneys' Fees Motion").  The

10  Final Approval Hearing shall take place at the date and time set forth at the end of this Order.

11  The date of the Final Approval Hearing may be changed without further notice to the Settlement

12  Class.  However, Plaintiffs are responsible for promptly updating the Settlement Website with

13  information about any such change.

14  Pending the Final Approval Hearing, all proceedings in the Lawsuit are stayed, other than

15  proceedings necessary to effectuate the settlement approval process, consistent with this Court's

16  previous order.  *See* Dkt. 60.

17  **VII.   Objection**

18  Any Settlement Class Member may comment on or object to any aspect of the proposed

19  Settlement or the associated Attorneys' Fees Motion, either on his or her own or through an

20  attorney hired at his or her expense, by following the procedures set forth herein. These

21  procedures and requirements are intended to ensure the efficient administration of justice and the

22  orderly presentation of any Settlement Class Member's objection to any the Settlement, in

23  accordance with the due process rights of all Settlement Class Members.

24  Any Settlement Class Member who wishes to comment on or object to the Settlement or

25  Attorneys' Fees Motion must do so **in writing**.  To be considered, any comment on or objection

26  to the Settlement or Fee Motion must be mailed, **postmarked no later than the Objection**

27  **Deadline set forth below**, to the Court at the following address: Class Action Clerk, United

28  States District Court for the Northern District of California, 280 South 1st Street, San Jose, CA

2408298.4

[PROPOSED] ORDER GRANTING PLAINTIFFS'
MOTION FOR PRELIMINARY APPROVAL
CASE NO.: 5:21-CV-03080-NC

95113.  It must also include the following information:

    (a)    the case name and number (*Diaz v. Google, LLC*, Case No. 5:121-cv-03080-NC);

    (b)    the name, mailing address, e-mail address, and signature of the Settlement Class Member and, if represented by counsel, of his or her counsel;

    (c)    the specific aspect of the Settlement or Fee Motion to which the Settlement Class Member objects or wishes to comment upon, along with any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce; and

    (d)    a statement of membership in the Settlement Class that clearly identifies that she or he downloaded or activated a contact tracing app, including the name of the specific contact tracing app and the state in which the Settlement Class Member resided when she or he downloaded or activated the contact tracing app.

Settlement Class Members who have timely commented on or objected to the Settlement in writing may also appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing.  Any Settlement Class Member who wishes to appear at the Final Approval Hearing must submit a Notice of Intention to Appear along with their written comment or objection.  If a Settlement Class Member intends to appear at the Final Approval Hearing through counsel, the Notice of Intention to Appear must also identify all attorneys who will appear at the Final Approval Hearing.

Any Settlement Class Member who does not timely submit such a written comment or objection will not be permitted to raise such comment or objection or appear at the Final Approval Hearing, except for good cause shown, and any Settlement Class Member who fails to object in the manner prescribed by this Order will be deemed to have waived, and will be foreclosed from raising, any such comment or objection, except for good cause shown.  The Court will only require substantial compliance with the requirements for submitting an objection.

**VIII.  Scheduling Order**

The following table summarizes all relevant dates and deadlines set forth in this Order, to

- 8 -

which the parties will adhere unless otherwise ordered by the Court:

| Date | Event |
|------|-------|
| No later than ten (10) business days following the entry of this Order | Notice shall be posted on the Settlement Website, along with all relevant Court orders in the Lawsuit. |
| No later than 65 calendar days before the Final Approval Hearing | Deadline for Plaintiffs to file Final Approval Motion and Attorneys' Fees Motion |
| No later than 30 calendar days before the Final Approval Hearing | Objection Deadline |
| No later than 15 calendar days before the Final Approval Hearing | Deadline to respond to Objections |
| _____, 2022, at \_\_:\_\_ a.m. | **Final Approval Hearing** (at least 100 days after the date the Preliminary Approval Motion is filed, *see* 28 U.S.C. § 1715(d)) |

Upon application of the parties and good cause shown, the deadlines set forth in this Preliminary Approval Order may be extended by order of the Court without further notice to the Settlement Class.  Settlement Class Members must check the Settlement Website regularly for updates and further details regarding extensions of these deadlines.

## IX. Other Provisions

In the event the Court does not grant final approval of the Settlement, or for any reason the parties fail to obtain a Final Judgment as contemplated by the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the Settlement and all orders and findings entered in connection with the Settlement shall become null and void and be of no further force and effect whatsoever, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in this or any other proceeding.

This Order shall not be construed or used as an admission, concession, or declaration by or against Google of any fault, wrongdoing, breach, or liability, and shall not be deemed to be a stipulation as to the propriety of class certification, or any admission of fact or law regarding any request for class certification, in any other action or proceeding, whether or not involving the same or similar claims.  Nor shall this Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or the other Settlement Class Members that their claims lack

merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any

party of any defenses or claims he, she, or it may have in the Lawsuit or in any other proceeding.

Class Counsel and Defense Counsel are hereby authorized to use all reasonable

procedures in connection with the approval and administration of the Settlement that are not

materially inconsistent with this Preliminary Approval Order or the Settlement, including making,

without further approval of the Court, minor corrections or non-substantive changes to the form

or content of the Notice that they jointly agree is reasonable or necessary.

**IT IS SO ORDERED.**

Dated: _____          _____

HON. NATHANIEL M. COUSINS
UNITED STATES MAGISTRATE JUDGE

2408298.4

[PROPOSED] ORDER GRANTING PLAINTIFFS'
MOTION FOR PRELIMINARY APPROVAL
CASE NO.: 5:21-CV-03080-NC