LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Michael W. Sobol (SBN 194857)
Melissa Gardner (SBN 289096)
Ian Bensberg (*pro hac vice pending*)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
(415) 956-1000

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Nicholas Diamand (*pro hac vice pending*)
ndiamand@lchb.com
Douglas Cuthbertson (*admitted pro hac vice*)
dcuthbertson@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: 212.355.9500
Facsimile: 212.355.9592

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JONATHAN DIAZ and LEWIS BORNMANN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:21-cv-03080-NC<br><br>**DECLARATION OF DAVID R. CHOFFNES IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

David R. Choffnes declares and states as follows:

1. I make this declaration in support of Plaintiffs' motion to preliminarily approve the settlement. I have personal knowledge of the facts set forth in this declaration based on my participation in this lawsuit as a consulting expert for Plaintiffs as described below. If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

2. I have an M.S. and Ph.D. in computer science and am an associate professor at Northeastern University's Khoury College of Computer Sciences and the Executive Director and founding member of Northeastern University's Cybersecurity and Privacy Institute. I have knowledge and direct experience working on and considering many of the technological issues relevant to Plaintiffs' allegations, including the functioning of system logs on mobile devices that use Google's Android operating software, and how network traffic moves between Android devices and servers they communicate with.

3. In 2021, I participated in an exchange of information with a Google representative concerning Plaintiffs' allegations, the past and current architecture of Google's COVID-19 exposure notification system (the "EN System"), and Google's practices relating to the treatment of data generated by the EN System. During that exchange, I asked and had answered numerous technical questions relevant to the subject matters described immediately above.

4. Following the exchange of information, Google provided additional highly confidential written information and materials in response to follow-up questions asked by Plaintiffs' counsel in consultation with me.

5. After reviewing and analyzing those written materials, and in reliance upon what I learned during the exchange referenced above, as well as the representations and warranties made by Google as part of this settlement, I believe that the remedial measures taken by Google and the injunctive relief agreed to as part of the proposed settlement address Plaintiffs' alleged security vulnerabilities in Google's EN System as to Google.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on this 3rd day of May, 2022, at Needham, Massachusetts.

By: */s/ David R. Choffnes*
David R. Choffnes