**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Michael W. Sobol (SBN 194857)
msobol@lchb.com
Melissa Gardner (SBN 289096)
mgardner@lchb.com
Ian R. Bensberg (*pro hac vice*)
ibensberg@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Nicholas Diamand (*pro hac vice*)
ndiamand@lchb.com
Douglas Cuthbertson (*pro hac vice*)
dcuthbertson@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: 212.355.9500
Facsimile: 212.355.9592

*Counsel for Plaintiffs and the Proposed Class*

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| JONATHAN DIAZ and LEWIS BORNMANN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 5:21-cv-03080-NC<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL SETTLEMENT APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT ......................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................. 2

I.      INTRODUCTION ............................................................................................. 2

II.     FACTUAL BACKGROUND ........................................................................... 2

III.    PROCEDURAL HISTORY .............................................................................. 4

IV.     THE SETTLEMENT ....................................................................................... 5

        A.      The Class Definition .............................................................................. 5

        B.      Benefits of the Settlement to the Class .................................................. 5

        C.      Class Members' Limited Release ........................................................... 6

        D.      Attorneys' Fees, Expenses, and Plaintiff Service Awards ..................... 6

V.      THE NOTICE PROGRAM .............................................................................. 6

VI.     THE RESPONSE OF THE CLASS ................................................................. 8

VII.    FINAL APPROVAL OF THE SETTLEMENT IS APPROPRIATE ................. 8

        A.      The Court Should Certify the Class for Purposes of Settlement ............ 8

                1.      Rule 23(a) Is Satisfied. .............................................................. 8

                2.      Rule 23(b)(2) Is Satisfied. ......................................................... 9

        B.      The Settlement Is Fair, Reasonable, and Adequate .............................. 10

                1.      Rule 23(e)(2)(A): The Class Has Been Vigorously Represented by
                        Class Counsel and Plaintiffs. .................................................. 10

                2.      Rule 23(e)(2)(A): The Settlement Was Negotiated at Arm's Length. ...... 11

                3.      Rule 23(e)(2)(C): The Settlement Provides Meaningful Relief to the
                        Class. ...................................................................................... 12

                        a.      Trial and Appeal Would Entail Substantial Costs, Risks, and
                                Delays. .......................................................................... 12

                        b.      Class Counsel Seek Reasonable Attorneys' Fees and
                                Expenses. ...................................................................... 13

                4.      Rule 23(e)(2)(D): The Settlement Treats Class Members Equitably ........ 14

                5.      The Remaining Factors Are Addressed in Plaintiffs' Motion for
                        Attorneys' Fees, Expenses, and Service Awards. ..................... 14

VIII.   CONCLUSION .............................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Beltran v. Olam Spices & Vegetables Inc.*,
No. 1:18-cv-01676, 2021 WL 2284465 (E.D. Cal. June 4, 2021),
*report and recommendation adopted by* 2021 WL 4318141 (E.D. Cal. Sept. 23, 2021) .......... 11

*Camilo v. Ozuna*,
No. 18-cv-02842, 2020 WL 1557428 (N.D. Cal. Apr. 1, 2020) ............................................... 11

*Campbell v. Facebook*,
315 F.R.D. 250 (N.D. Cal. 2016) ............................................................................................ 10

*In re Bluetooth Headset Prods. Liab. Litig.*,
654 F.3d 935 (9th Cir. 2011) ................................................................................................... 11

*In re Facebook Biometric Info. Privacy Litig.*,
326 F.R.D. 535 (N.D. Cal. 2018) .............................................................................................. 9

*In re Google LLC Street View Elec. Commc'ns Litig.*,
—F. Supp. 3d—, 2020 WL 1288377 (N.D. Cal. Mar. 18, 2020) ............................................... 9

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices & Prods. Liab. Litig.*,
MDL No. 2672, 2017 WL 672727 (N.D. Cal. Feb. 16, 2017)..................................................... 9

*In re Yahoo Mail Litig.*,
No. 13-cv-04980, 2016 WL 4474612 (N.D. Cal. Aug. 25, 2016) ............................................... 7

*Jordan v. Los Angeles Cnty.*,
669 F.2d 1311 (9th Cir. 1982).................................................................................................... 9

*Lilly v. Jamba Juice Co.*,
No. 13-cv-02998, 2015 WL 1248027 (N.D. Cal. Mar. 18, 2015) ............................................... 6

*Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of San Francisco*,
688 F.2d 615(9th Cir. 1982)..................................................................................................... 10

*Rodriguez v. Hayes*,
591 F.3d 1105 (9th Cir. 2010).................................................................................................. 10

*Roes*, *1–2 v. SFBSC Mgmt. LLC*,
944 F.3d 1035 (9th Cir. 2019)............................................................................................ 10, 11

*Saucillo v. Peck*,
25 F.4th 1118 (9th Cir. 2022) .................................................................................................. 10

*Shin v. Plantronics, Inc.*,
No. 18-cv-05626-NC, 2020 WL 1934893  (N.D. Cal. Jan. 31, 2020)....................................... 10

*The Civil Rights Educ. & Enf't Ctr. v. RLJ Lodging Tr.*,
2016 WL 314400 (N.D. Cal. Jan. 25, 2016) .............................................................................. 8

*Wal-Mart Stores Inc. v. Dukes*,
564 U.S. 338 (2011).................................................................................................................. 8

## STATUTES

28 U.S.C. § 1715......................................................................................................................... 8

**TABLE OF AUTHORITIES**
(continued)

**Page**

**RULES**

Fed. R. Civ. P. 23(a)(1) ........................................................................................ 8

Fed. R. Civ. P. 23(a)(2) ........................................................................................ 9

Fed. R. Civ. P. 23(a)(3) ........................................................................................ 9

Fed. R. Civ. P. 23(a)(4) ........................................................................................ 9

Fed. R. Civ. P. 23(a)–(b) ...................................................................................... 8

Fed. R. Civ. P. 23(b)(2) ...................................................................................... 10

Fed. R. Civ. P. 23(c)(2) ........................................................................................ 6

Fed. R. Civ. P. 23(e)(2) ...................................................................................... 10

Fed. R. Civ. P. 23(e)(2)(C) ................................................................................. 12

Fed. R. Civ. P. 23(e)(2)(C)(ii) ............................................................................ 12

Fed. R. Civ. P. 23(e)(2)(C)(iv) ........................................................................... 12

1

## NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

2

3      PLEASE TAKE NOTICE that on October 11, 2022, at 11:00 a.m. by Zoom webinar,

4  Plaintiffs will and hereby do move the Court for an order granting Plaintiffs' motion for final

5  approval of their class action settlement with Google LLC, which the Court preliminarily

6  approved on June 30, 2022. *See* Dkt. 71.

7      Plaintiffs request that the Court: (1) finally approve the parties' Settlement Agreement;

8  (2) finally certify the Class for purposes of settlement; (3) appoint Plaintiffs as Class

9  Representatives; (4) appoint Michael W. Sobol and Douglas I. Cuthbertson of Lieff, Cabraser,

10 Heimann & Bernstein, LLP, as Class Counsel; and (5) enter judgment according to the terms of

11 the Settlement Agreement.

12     This motion is supported by the attached Memorandum of Points and Authorities, the

13 attached Declaration of Douglas I. Cuthbertson ("Cuthbertson FA Decl."), and the attached

14 Declaration of Janeth Antonio ("Antonio Decl."), as well as all papers and records on file in this

15 matter, and such other matters as the Court may consider.

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' MOTION FOR
FINAL CLASS ACTION SETTLEMENT APPROVAL
CASE NO.: 5:21-CV-03080-NC

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.     INTRODUCTION

3

Plaintiffs respectfully submit for the Court's final approval a proposed class action

4

Settlement Agreement, which fully resolves Plaintiffs' claims against Defendant Google LLC

5

("Google" or "Defendant"), and which the Court preliminarily approved on June 30, 2022, Dkt.

6

71 ("Preliminary Approval Order"), after a hearing held on June 22, 2022. *See* Dkt. 67. As set

7

forth more fully in Plaintiffs' Preliminary Approval Motion (*see* Dkt. 64), to resolve Plaintiffs'

8

claims that Google unlawfully exposed confidential medical information and personally

9

identifying information through its digital contract tracing system called the "EN System," the

10

Settlement Agreement introduces immediate, permanent relief on behalf of all EN System users

11

in the United States. Plaintiffs obtained this excellent outcome with exceptional speed and

12

efficiency through Class Counsel's innovative advocacy, ensuring that Google has implemented

13

and will continue to maintain on-going privacy protections for EN System users in the midst of

14

the continuing COVID-19 pandemic, which the EN System is intended to combat.

15

At the preliminary approval stage, the Court found that the Settlement Agreement is "fair,

16

reasonable, and adequate under Rule 23," Prelim. Approval Order at 4, and that conditional

17

certification of the Class was appropriate for settlement purposes because the Court was "likely to

18

certify" the Class at the final approval stage. *Id.* at 8. Accordingly, the parties fully implemented

19

the Court-approved Notice Program. *See* Antonio Decl. ¶¶ 2–4. As of August 2, 2022, there have

20

been *no objections* filed with the Court or received by the settlement administrator.[1] *Id.* ¶ 5. The

21

Class member response, along with consideration of the other appropriate factors articulated in

22

the Federal Rules and Ninth Circuit law, strongly weigh in favor of final approval.[2]

23

## II.     FACTUAL BACKGROUND

24

As explained in greater detail previously, *see* Prelim. Approval Mot. 2–5, this case arises

25

26

[1] The objection deadline is September 8, 2022. Prelim. Approval Order at 10. Class Counsel will update the Court at that time as to the status of any possible objections.

27

[2] Any issues concerning Plaintiffs' fee request can be addressed separately and have no bearing on the Court's ability to finally approve the Settlement. *See* Plaintiffs' contemporaneously filed

28

Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards, and Memorandum of Points and Authorities in Support Thereof ("Fee Motion").

PLAINTIFFS' MOTION FOR
FINAL CLASS ACTION SETTLEMENT APPROVAL
CASE NO.: 5:21-CV-03080-NC

1   from Google's response to the public health crisis of COVID-19. In 2020, when COVID-19

2   spread throughout the globe, public health authorities in the United States and elsewhere worked

3   to implement programs of "contact tracing." *See* Dkt. 25 (Am. Compl.), ¶¶ 6–9. Generally

4   speaking, contact tracing is a process used to identify people who have come into contact with an

5   infected person in order to observe them for signs of infection. *Id.*, ¶¶ 10–11. Effective contact

6   tracing requires the voluntary participation of members of the general public who are willing to

7   share their health status and location information. *See id.*, ¶ 46.

8        Google developed a system for digital "contact tracing," the "Exposure Notifications" or

9   "EN System," for use with the many mobile devices that use either Google's Android or Apple's

10   iOS operating systems. *Id.*, ¶ 12. The EN System allowed state-level public health authorities to

11   build mobile contact tracing applications ("Contact Tracing Apps"). As of March 2021, more than

12   28 million people had downloaded Contact Tracing Apps in the United States or otherwise

13   activated exposure notifications on their mobile devices. *Id.*, ¶ 19.

14        By its nature, the EN System requires that its users allow use of their sensitive health

15   information, general location information, and information about their relative location to infected

16   persons. To facilitate the mass voluntary participation that the EN System requires to be effective,

17   the EN System was ostensibly designed to ensure the confidentiality and privacy of users'

18   sensitive and private information. *Id.*, ¶ 46. Google represented that any data generated by the EN

19   System never left a user's Android device and that the identities of users and their COVID-19

20   status would remain anonymous, and would not be collected by Google or shared with other

21   users. *Id.*, ¶¶ 44–45, 47–48.

22        Plaintiffs allege, however, that Google fundamentally erred in its design and

23   implementation of its EN System by leaving users' private health information unprotected on

24   Android device "system logs" to which Google and third party app developers had routine access.

25   *Id.*, ¶¶ 50–51, 55–59, 69. Based on detailed forensic analysis (*see* Dkt. 64-1 ("Cuthbertson PA

26   Decl."), ¶ 3), Plaintiffs described specific data comprising personally identifiable information

27   showing positive COVID-19 diagnoses that were logged on Android system logs and transmitted

28   side-by-side to Google's servers from users who participated in the EN system. *See* Am. Compl.,

1  ¶¶ 91–111.

2      Plaintiffs alleged that although Google became aware of this problem in or around

3  February 2021, it failed to inform the general public or to satisfactorily address the security flaws

4  to prevent the problems moving forward. *Id.*, ¶¶ 115–23.

5  **III.    <u>PROCEDURAL HISTORY</u>**

6      Plaintiffs filed this action in April 2021, *see* Dkt. 1, after conducting a thorough pre-filing

7  investigation with the benefit of consulting expertise. The Parties engaged pleadings-related

8  motion practice, with Google filing two sets of motions to dismiss for lack of standing and failure

9  to state a claim (*see* Dkts. 18 and 37) and two sets of requests for judicial notice (*see* Dkts. 19 &

10  38), the latter of which were filed in response to Plaintiffs' amended complaint filed as of right

11  (the operative pleading). *See* Dkt. 25 ("Amended Complaint"). Plaintiffs had briefed a response to

12  Google's most recent set of briefing when the Parties agreed to explore early resolution in August

13  2021. *See* Cuthbertson PA Decl., ¶ 16; *see also* Dkt. 48. At the same time, the Parties conducted a

14  Rule 26(f) conference, *see* Dkt. 32, litigated the scope of the protective order, *see* Dkts. 45, 49,

15  negotiated and agreed upon an ESI Protocol (*see* Dkt. 43), and Plaintiffs served initial discovery.

16  Cuthbertson PA Decl., ¶ 15. After negotiating and completing the informal informational

17  exchange described further below and previously, *see* Prelim. Approval Mot. 6–7, and conducting

18  three mediation sessions with Judge Read Ambler (Ret.) of JAMS, *see id.* at 7, the Parties

19  announced a settlement in principle in February 2022, whereupon the Court stayed the case. *See*

20  Dkts. 59 & 60.

21      On May 6, 2022, Plaintiffs moved for preliminary approval of the Parties' Settlement

22  Agreement and of the notice to be distributed to the Class. *See* Dkt. 64. After a preliminary

23  approval hearing on June 22, 2022, the Court entered its Preliminary Approval Order on June 30,

24  2022. *See* Dkt. 71. The Order conditionally certified the Class for purposes of settlement,

25  appointed the undersigned as Class Counsel, appointed KCC Class Action Services, LLC,

26  ("KCC") as the settlement administrator, approved the form and manner of notice to the Class;

27  and scheduled all remaining dates and deadlines pertaining to the Settlement Agreement,

28  including a final approval hearing. *See* Prelim. Approval Order at 4, 10.

1  **IV.    THE SETTLEMENT**

2         **A.    The Class Definition**

3  The Court has preliminary certified the following Class for purposes of settlement:

4         [A]all natural persons in the United States who downloaded or
       activated a contact tracing app incorporating the [EN] System on
5        their mobile device. Excluded from the Class are Google, its
       current employees, officers, directors, legal representatives, heirs,
6        successors and wholly or partly owned subsidiaries or affiliated
       companies; the undersigned counsel for Plaintiffs and their
7        employees; and the judge and court staff to whom this case is
8        assigned.

9  Dkt. 64-1, Cuthbertson PA Decl. Ex. 1 ("Settlement Agreement"), § 1.16, *approved by* Prelim.

10  Approval Order 4.

11        **B.    Benefits of the Settlement to the Class**

12         As set forth more fully previously, *see* Prelim. Approval Mot. at 7–10, 12–13, the

13  Settlement Agreement embodies meaningful business practice changes and critical future

14  commitments that address the fundamental error in the EN System alleged in Plaintiffs' Amended

15  Complaint, predicated on Plaintiffs', Class Counsel's, and their consulting expert's rigorous

16  evaluation of the information produced by the Parties' live exchange and subsequent exchange

17  and analysis of highly confidential written information and materials. Broadly, Google commits

18  to having fixed any medical privacy intrusions alleged by Plaintiffs, to implementing and

19  completing a process designed to locate and eliminate any data it may have wrongfully collected,

20  and to maintaining these measures permanently.

21         Specifically, Google has undertaken remedial measures that include (1) software code

22  changes Google rolled out to EN System users on April 21, May 5, and May 26, 2021, to improve

23  how technical information is logged to Android system logs to provide additional privacy

24  protection for users of Contact Tracing Apps, and (2) implementing and completing a process

25  designed to search for and eliminate EN System data Google may find within its databases.

26  Settlement Agreement § 3.1. Further, Google has represented and warranted that it has stopped

27  the information logging practices central to Plaintiffs' allegations; that it has implemented and

28  completed a process designed to review its system for the information alleged in Plaintiffs'

1   Amended Complaint and eliminate EN System data it may find within its databases, as noted

2   above; that it has issued a "Partner Security Advisory" notifying third parties of the occasion for

3   and implementation of the software code changes; and that its investigation has revealed no

4   misuse of any EN System data that was the subject of Plaintiffs' claims. *See id.* §§ 4.1–4.5.

5   Finally, Google agrees not to revert the software code changes; to confirm in writing that, after a

6   good-faith, thorough search, it has identified no EN System data on its internal systems from

7   which any employee could draw any inference about the health status of an EN user; to edit its

8   EN System webpage to explain the new privacy protections implemented by Google and the

9   Settlement Agreement; and to maintain the terms of its representations and warranties. *See id.*

10   §§ 5.1–5.4.

11              **C.      Class Members' Limited Release**

12              Importantly, the Settlement Agreement does not address claims for damages or other

13   monetary relief, and releases only claims for injunctive relief. *See id.* § 1.12. Further, the

14   Settlement Agreement releases only claims that relate to the handling of Google's EN System

15   data on system logs, not any claims concerning Google handling of any other type of data on

16   system logs. *See id.*; *see also* Cuthbertson PA Decl., ¶ 13.

17              **D.      Attorneys' Fees, Expenses, and Plaintiff Service Awards**

18              Concurrently with the filing of this motion, Class Counsel has moved for an award of

19   attorneys' fees and expenses, and service awards for Plaintiffs as Class Representatives. If

20   approved, the fees, expenses, and service awards would be paid solely by Google. *See* Settlement

21   Agreement § 9.2. The Parties negotiated all provisions of the Settlement Agreement governing

22   fees, expenses, and service awards after reaching agreement as to class-wide relief and the

23   release. Cuthbertson PA Decl., ¶ 17. The Parties will not appeal the Court's order. Settlement

24   Agreement § 9.1.

25   **V.      THE NOTICE PROGRAM**

26              The settlement provides injunctive relief under Rule 23(b)(2) and therefore does not

27   require class notice under the Federal Rules. *See* Fed. R. Civ. P. 23(c)(2); *Lilly v. Jamba Juice*

28   *Co.*, No. 13-cv-02998, 2015 WL 1248027, at *8–9 (N.D. Cal. Mar. 18, 2015); *see also In re*

*Yahoo Mail Litig.*, No. 13-cv-04980, 2016 WL 4474612, at *5 (N.D. Cal. Aug. 25, 2016) (finding banner ads on popular websites in injunctive relief-only settlement "fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process."). However, to inform Class members of the Settlement Agreement and of their right to appear and be heard at the final approval hearing, the Parties agreed to a provide notice to the Class in a way that conforms with the Federal Rules and this District's Procedural Guidance for Class Action Settlements. *See* Settlement Agreement § 7.1.

The Parties have complied with this agreed-to, Court-approved notice program. *See* Prelim. Approval Order 7, 10 (describing approved notice program and related deadlines); Peak Decl. Ex. 1 (draft Notice), Dkt. 64-3; Antonio Decl. Ex. B (final Notice). KCC has maintained a well-designed website, www.GoogleExposureNotificationImprovements.com, the home page of which summarizes Plaintiffs' allegations and the Settlement Agreement in plain English. The website also includes links to important case documents such as the Amended Complaint; the Preliminary Approval Motion and all supporting documents, including the Settlement Agreement; and the Notice.[3] *See* Antonio Decl. ¶ 3. The website contains Class Counsel's contact information (within the Notice, *see* Antonio Decl. Ex. B, at 4), KCC's contact information, important case deadlines, and answers to frequently asked questions. Antonio Decl. ¶ 3.

Furthermore, on July 15, 2022, KCC began an extensive "programmatic" digital advertising campaign designed to deliver further publication notice to the Class using digital advertising services offered by Google and Meta Platforms Inc. *Id.* ¶ 2. The campaign targets likely EN System users, with an emphasis on jurisdictions that have implemented Contact Tracing Apps using the EN System, in an effort to reach the highest number of Class members in the most efficient way. *See id.* As of August 1, 2022, roughly 12 million of a projected 100 million impressions have been delivered by the campaign. *Id.* The campaign is scheduled to end on August 28, 2022, after which time Plaintiffs and KCC will update the Court on the campaign's progress from August 1 to its termination. *Id.* KCC has also maintained a toll-free number,

---

[3] Class Counsel will have KCC post this motion, Plaintiffs' Fee Motion, and any attendant documents on the settlement website, once they have been filed.

PLAINTIFFS' MOTION FOR
FINAL CLASS ACTION SETTLEMENT APPROVAL
CASE NO.: 5:21-CV-03080-NC

1   available 24 hours a day, 7 days a week, for Class members to call for further information. *Id.*

2   ¶¶ 2, 4. The Notice and notice methods were thus reasonable and provided due, adequate, and

3   sufficient notice of the Settlement Agreement to Class.

4   　　　Finally, Google has complied with its obligations under 28 U.S.C. § 1715 to serve

5   appropriate notice on state officials where Class members are known to reside. *See* Dkt. 66.

6   **VI.　　THE RESPONSE OF THE CLASS**

7   　　　Following the implementation of the well-designed notice program designed above, as of

8   August 2, 2022, no Class member has objected to the Parties' Settlement Agreement. *Id.* ¶ 5.

9   Further, no response from public officials to Google's notice under 28 U.S.C. § 1715 has been

10  received. After the objection deadline on September 8, 2022, *see* Prelim. Approval Order at 10,

11  and before the final approval hearing currently scheduled for October 11, 2022, *see id.*, Plaintiffs

12  and KCC will update the Court on any objections received, as well as provide final data on the

13  completed notice program. *See* Antonio Decl. ¶¶ 2–5.

14  **VII.　FINAL APPROVAL OF THE SETTLEMENT IS APPROPRIATE**

15  　　　**A.　　The Court Should Certify the Class for Purposes of Settlement.**

16  　　　The Court may certify the Class if each of the requirements of Rule 23(a) and at least one

17  requirement of Rule 23(b) are satisfied. Fed. R. Civ. P. 23(a)–(b). The Court has preliminary

18  certified the Class for purposes of settlement. *See* Prelim. Approval Order. Since that time,

19  nothing has changed that should change the Court's decision to certify the Class, and certification

20  remains warranted.

21  　　　　　**1.　　Rule 23(a) Is Satisfied.**

22  　　　Numerosity. The Class is sufficiently numerous, as Contact Tracing Apps have been

23  downloaded millions of times in the United States and joinder of all users would be

24  impracticable. *See* Fed. R. Civ. P. 23(a)(1); *The Civil Rights Educ. & Enf't Ctr. v. RLJ Lodging*

25  *Tr.*, 2016 WL 314400, at *6 (N.D. Cal. Jan. 25, 2016) (noting numerosity requirement is

26  "relaxed" where class seeks injunctive relief only); Am. Compl., ¶ 29.

27  　　　Commonality. There are questions of law and fact common to the Class "capable of

28  classwide resolution." *Wal-Mart Stores Inc. v. Dukes*, 564 U.S. 338, 350 (2011); *see* Fed. R. Civ.

P. 23(a)(2). These include whether Google generated EN System data that could have allegedly allowed an inference of COVID status; whether EN System data and other personally identifiable information was logged to device system logs; whether that information is subject to and protected by the CMIA; and whether Google's conduct violated reasonable expectations of privacy and was highly offensive to a reasonable person. *See In re Google LLC Street View Elec. Commc'ns Litig.*, —F. Supp. 3d—, 2020 WL 1288377, at *4 (N.D. Cal. Mar. 18, 2020) (finding commonality satisfied where defendant's data collection practices operated uniformly across plaintiffs); *In re Volkswagen "Clean Diesel" Mktg.*, *Sales Practices & Prods. Liab. Litig.*, MDL No. 2672, 2017 WL 672727, at *13 (N.D. Cal. Feb. 16, 2017) (finding commonality satisfied where the class representative claims "arise from [defendant's] common course of conduct").

Typicality. Plaintiffs' claims are typical of Class members' claims. *See* Fed. R. Civ. P. 23(a)(3). Typicality is satisfied where, as here, Plaintiffs' claims stem "from the same event, practice, or course of conduct" and "the same legal theory" as the Class's claims. *Jordan v. Los Angeles Cnty.*, 669 F.2d 1311, 1321 (9th Cir. 1982); *see, e.g.*, *In re Facebook Biometric Info. Privacy Litig.*, 326 F.R.D. 535, 535 (N.D. Cal. 2018) (finding typicality satisfied where class representatives used social media product like all others). Plaintiffs allege a common course of conduct whereby Google logged and collected EN System data and personally identifying information from Plaintiffs and Class members alike, resulting in the same types of privacy harms to all.

Adequacy.  Plaintiffs "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Plaintiffs have no interests in conflict with those of the Class. Moreover, as described further in the Fee Motion, Plaintiffs' commitment to this case demonstrates their adequacy. Class Counsel are likewise qualified to represent the Class. At preliminary approval, the Court appointed Class Counsel in light of their skill and experience in similar cases, *See* Prelim. Approval Order at 9. Class Counsel's efforts on behalf of the Class, as described further in the Fee Motion, further demonstrates their adequacy.

### 2.      Rule 23(b)(2) Is Satisfied.

The Class also satisfies Rule 23(b)(2), as Google "has acted or refused to act on grounds

1   that apply generally to the class, so that final injunctive relief . . . is appropriate respecting the

2   class as a whole." Fed. R. Civ. P. 23(b)(2). Here, Plaintiffs allege Google has engaged in a

3   uniform collection of users' private medical and personally identifying data using the EN System.

4   *See Rodriguez v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2010) (Rule 23(b)(2) satisfied where

5   plaintiffs "complain of a pattern or practice that is generally applicable to the class as a whole.");

6   *Campbell v. Facebook*, 315 F.R.D. 250, 269 (N.D. Cal. 2016) (certifying a 23(b)(2) class where

7   defendant "utilized a uniform system architecture and source code"). The Class as a whole is

8   eligible for final injunctive relief, as provided for by the Settlement Agreement.

9       **B.**    **The Settlement Is Fair, Reasonable, and Adequate.**

10       In determining whether a court should grant final approval to a class action settlement,

11   "the universally applied standard is whether the settlement is fundamentally fair, adequate,

12   and reasonable." *Shin v. Plantronics, Inc.*, No. 18-cv-05626-NC, 2020 WL 1934893, at *3 (N.D.

13   Cal. Jan. 31, 2020) (Cousins, J.) (quoting *Officers for Justice v. Civil Serv. Comm'n of City &*

14   *Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982)). Rule 23(e) instructs that, in

15   evaluating whether a settlement is fair, adequate, and reasonable, the Court should consider

16   whether: (1) Class Representatives and Class Counsel have adequately represented the Class; (2)

17   the Settlement Agreement was negotiated at arm's length; (3) the relief provided is adequate; and

18   (4) the Settlement Agreement treats Class members equitably relative to each other. *See* Fed. R.

19   Civ. P. 23(e)(2). Each of these factors is satisfied here, even under the heightened scrutiny applied

20   to settlements tendered for approval before class certification. *See Saucillo v. Peck*, 25 F.4th

21   1118, 1131 (9th Cir. 2022) (quoting *Roes, 1–2 v. SFBSC Mgmt. LLC*, 944 F.3d 1035, 1048 (9th

22   Cir. 2019)).

23       **1.**    **Rule 23(e)(2)(A): The Class Has Been Vigorously Represented by Class Counsel and Plaintiffs.**

24

25       As further detailed previously, *see* Prelim. Approval Mot. at 11, and in the Fee Motion,

26   Plaintiffs and their Counsel have diligently and zealously represented the interests of the Class.

27   Before the Parties agreed to explore early resolution, Plaintiffs filed two complaints, each

28   supported by forensic investigation; briefed their opposition to Google's motion to dismiss;

litigated the scope of the protective order; and served initial discovery requests. Cuthbertson PA Decl., ¶¶ 15–16. Class Counsel then worked closely with their consulting expert and Google's outside counsel to find an efficient path forward without the burdens of formal discovery. *Id.* ¶¶ 4–8. After rigorously evaluating the results of this informal process and conducting three mediation sessions, the parties reached agreement, which was presented to and preliminary approved by the Court. *Id.* ¶¶ 9–12; *see also* Dkts. 64 (Prelim. Approval Mot.), 71 (Prelim. Approval Order). Since preliminary approval, Class Counsel have continued their advocacy on behalf of the Class by supervising the administration of the notice program and filing for final approval of the Settlement Agreement. Cuthbertson FA Decl., ¶ 3. Taken together, these efforts demonstrate that the Settlement is the result of well-informed and vigorous advocacy on behalf of the Class.

### 2. Rule 23(e)(2)(A): The Settlement Was Negotiated at Arm's Length.

As further detailed previously, *see* Prelim. Approval Mot. at 7, the Settlement Agreement was concluded after serious, informed, arm's length negotiations. The involvement of a highly experienced mediator such as Judge Ambler supports a finding that the Settlement Agreement is not the product of collusion. *See Camilo v. Ozuna*, No. 18-cv-02842, 2020 WL 1557428, at *8 (N.D. Cal. Apr. 1, 2020) ("[T]he participation of a neutral mediator ... 'a factor weighing in favor of a finding of non-collusiveness.'") (quoting *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 948 (9th Cir. 2011)). Separately, the Settlement Agreement itself bears none of the traditional signs of collusion, *see Bluetooth*, 654 F.3d at 946–48, even under the heightened standard applicable here. *See Roes, 1-2*, 944 F.3d at 1048–50. Finally, at the time agreement was reached, Plaintiffs and their consulting expert possessed sufficient relevant factual and technical information to make an informed judgment that settlement was in the Class's interest. Based on this knowledge and their experience litigating and settling other privacy class actions, Class Counsel believe that the Settlement is fair, reasonable, and adequate. *See Beltran v. Olam Spices & Vegetables Inc.*, No. 1:18-cv-01676, 2021 WL 2284465, at *14 (E.D. Cal. June 4, 2021) (views of counsel experienced in litigation's subject matter weigh in favor of approval), *report and recommendation adopted by* 2021 WL 4318141 (E.D. Cal. Sept. 23, 2021).

1

     **3.**      **Rule 23(e)(2)(C): The Settlement Provides Meaningful Relief to the Class.**

2

     The injunctive relief provided to the Class under the Settlement Agreement is more than

3

"adequate" considering (i) the costs, risks, and delay of trial and appeal; and (ii) the terms of any

4

proposed award of attorney's fees. *See* Fed. R. Civ. P. 23(e)(2)(C); Procedural Guidance (1)(e).[4]

5

          **a.**      **Trial and Appeal Would Entail Substantial Costs, Risks, and Delays.**

6

7

     In reaching the Settlement Agreement, Plaintiffs achieved their principal goal of

8

effectuating a meaningful remedy for the security vulnerability in Google's EN System by

9

ensuring that (1) Google's EN System would not log or collect users' confidential medical

10

information and personally identifying information and (2) Google would represent and warrant

11

(as they have now) that: (i) Google implemented and completed a process designed to review its

12

system for this information and eliminate EN System data it may find within its databases and (ii)

13

Google conducted an investigation and identified no evidence of abuse or misuse by anyone of

14

EN System data that was logged to device system logs and that no Google employees or

15

unauthorized persons sought to or attempted to link EN System data with any personally

16

identifying information of any user for use by Google. *See* part IV.B, *supra*. In short, the relief

17

embodied in the Settlement Agreement remedies any violation of Class members' medical

18

privacy through the EN System, and prevents any similar future violations.

19

     In contrast to these significant, immediate benefits, continued litigation (including trial

20

and near-certain appeal) would have carried significant costs, risks, and delay with little

21

additional payoff. As described in additional detail in the Fee Motion, assuming Plaintiffs'

22

overcame Google's motion to dismiss, discovery would have entailed significant disagreements

23

on the protections that should be afforded to confidential information as well as over discovery's

24

basic scope. *See* Dkts. 27, 45. Plaintiffs would then have proceeded to class certification and

25

summary judgment, each likely to entail *Daubert* challenges and other collateral motion practice.

26

27

[4] Because the Settlement provides only injunctive relief pursuant to Rule 23(b)(2), there is no claims process or distribution plan.  *See* Fed. R. Civ. P. 23(e)(2)(C)(ii).  Moreover, Plaintiffs have

28

not entered into any agreements "in connection with the proposal" under Rule 23(e)(3).  *See* Fed. R. Civ. P. 23(e)(2)(C)(iv).

*See* Dkt. 27 (Joint 26(f) Statement) at 6 ("Google intends to file a motion to dismiss the amended complaint. If the case survives, Google will file a motion for summary judgment. Google will oppose Plaintiffs' motion for class certification."). Each of these stages would have presented opportunities for appeal that would cause significant delay, even if Plaintiffs were successful on appeal. Finally, any judgment after trial on the merits would have been subject to appeal by the losing side.

Moreover, the Court-ordered injunctive relief provided by the Settlement Agreement is substantially equivalent to all of the injunctive relief that Plaintiffs could have hoped to achieve had they prevailed at trial. There would be little improvement, if any, in the nature of the injunctive relief obtained by engaging in the substantial risks attendant with further litigation, such as risking the ability to have the force of a court order to ensure compliance.

Considering the costs, risks, and delay associated with continued litigation, the robust injunctive relief secured through the Settlement Agreement represents an excellent result for the Class.

               **b.**       **Class Counsel Seek Reasonable Attorneys' Fees and Expenses.**

After the Parties reached agreement in principle with respect to the substantive terms of the Settlement Agreement, they further agreed that Class Counsel may move the Court for Google to pay an award of reasonable attorneys' fees and expenses. Cuthbertson PA Decl., ¶ 17. Although Google has agreed to pay the amount awarded by the Court, the Parties also agreed that Google may contest the *amount* of Class Counsel's request for reasonable attorneys' fees and expenses, and that the Parties will accept, and not appeal, any Court order on attorneys' fees and expenses. *See* Settlement Agreement § 9.1. Finally, the Settlement Agreement provides that the outcome of the Fee Motion will not in any way affect the Settlement Agreement or any Court order finally approving it. *Id.* § 9.3. In short, Class Counsel have assured that the proposed relief to the Class will be evaluated independently of their request for fees. The Settlement Agreement's process and structure for determining Class Counsel's compensation further demonstrates its fairness and reasonableness.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**4.     Rule 23(e)(2)(D): The Settlement Treats Class Members Equitably.**

The Settlement Agreement benefits all Class members equally by requiring Google to change its practices universally and permanently, without discrimination among users. Moreover, the disclosures Google will provide on its Exposure Notifications webpage (https://www.google.com/covid19/exposurenotifications/) will benefit all Class members, and indeed all members of the public, equally as well. This factor supports approval.

**5.     The Remaining Factors Are Addressed in Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards.**

Plaintiffs have filed their Fee Motion in a manner consistent with the Northern District's Procedural Guidance regarding final approval of class action settlements. Accordingly, the only remaining obligation set forth under the Procedural Guidance is a description of Class members' response. *See* Procedural Guidance for Class Action Settlements, Final Approval. As set forth in Section VI, *supra*, no Class members have objected to the Settlement Agreement. Plaintiffs and KCC will provide an update to the Court on the status of any objections after the September 8, 2022, objection deadline has passed. *See* Prelim. Approval Order 10; Antonio Decl. ¶ 5.

**VIII.   CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that the Court enter the attached Proposed Order and Final Judgment, attached as Exhibits 1 and 2, granting final approval of the Settlement Agreement.

Dated: August 4, 2022                    */s/ Douglas Cuthbertson*

Douglas Cuthbertson (*pro hac vice*)
dcuthbertson@lchb.com
Nicholas Diamand (*pro hac vice*)
ndiamand@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: 212.355.9500
Facsimile: 212.355.9592

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Michael W. Sobol (SBN 194857)
msobol@lchb.com
Melissa Gardner (SBN 289096)
mgardner@lchb.com
Ian R. Bensberg (*pro hac vice*)
ibensberg@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN,
LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

2440606.2

PLAINTIFFS' MOTION FOR
FINAL CLASS ACTION SETTLEMENT APPROVAL
CASE NO.: 5:21-CV-03080-NC