FILED

Oct 31 2022

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JONATHAN DIAZ and LEWIS BORNMANN, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 5:21-CV-03080-NC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

This matter came before the Court for hearing via Zoom on October 11, 2022, pursuant to the Court's Preliminary Approval Order dated June 30, 2022 (Dkt. 71). The Court has considered the Settlement Agreement (the "Settlement") between Plaintiffs Jonathan Diaz and Lewis Bornmann ("Plaintiffs") and Google LLC ("Google" or "Defendant"), the settlement status report filed at Dkt. 76, any objections and comments received regarding the Settlement, the record in the Lawsuit, including the pending motion for final approval of the Settlement, and the arguments and authorities of counsel, including in any papers filed and proceedings had herein. Good cause appearing, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement Agreement. *See* Dkt. 64-1 (Exhibit 1).

2. This Court has jurisdiction over the subject matter of this Lawsuit pursuant to 28 U.S.C. § 1332 and has personal jurisdiction over the Parties and all Settlement Class Members. Venue is proper in this District. All parties have consented to the jurisdiction of a U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(c). Dkts. 9, 17.

3. The Court, for purposes of this Final Approval Order, (1) approves the Settlement described in Plaintiffs' preliminary and final approval papers; (2) enters this Order and a separate judgment pursuant to Federal Rule of Civil Procedure 58; and (3) adopts herein the terms and definitions set forth in the Settlement Agreement.

4. The Court finds that notice to the Settlement Class, as detailed in Plaintiffs' preliminary and final approval papers and as previously approved by this Court, was the best method for providing such notice that was practicable under the circumstances, and fully complied with the requirements of Federal Rule of Civil Procedure 23(c)(2)(A) ("For any class certified under Rule 23(b)(1) or (b)(2), the court may direct appropriate notice to the class"), this District's Procedural Guidance for Class Action Settlements, and due process. The approved and completed notice plan included sending targeted advertisements with a link to a case-specific settlement website (www.Googleexposurenotificationimprovements.com) (the "Settlement Website") to (1) websites and mobile apps likely to be visited and used by Settlement Class Members and (2) directly on the social media and entertainment platforms owned by Meta (i.e.,

Facebook and Instagram).  The Settlement Website included the following information: (i) notice of improvements made by Google to its EN System and information learned by Plaintiffs about Google's management of EN System data that led to Plaintiffs' agreement to dismiss their claims and settle, including descriptions of the injunctive relief and remedial measures; (ii) a summary of the Lawsuit and the settlement; (iii) contact information for Class Counsel and the Settlement Administrator, including a dedicated contact page with a toll-free number to ask questions about the Settlement; (iv) important case documents, including the settlement agreement, Plaintiffs' motions for preliminary and final approval, and Plaintiffs' motion for attorneys' fees, costs, and incentive awards; (v) instructions on how to access the case docket via PACER or in person at any of the court's locations and that class members who wish to object to the settlement must send their written objections only to the court; and (vi) important case dates and deadlines, including the objection deadline and date of the Final Approval Hearing.

5.   There were no objections to the Settlement Agreement.  *See* Dkt. 76

6.   The Court finds that Defendant properly and timely notified the appropriate state and federal officials of the Settlement, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715.

7.   The Court approves the Settlement as fair, reasonable, and adequate and in the best interests of the Settlement Class Members, including under the "heightened fairness inquiry" required for settlement agreements negotiated before class certification. *See Roes, 1-2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1048-49 (9th Cir. 2019). The Court has specifically considered the factors relevant to class settlement approval (*see, e.g., Churchill Village, L.L.C. v. General Elec.*, 361 F.3d 566 (9th Cir. 2004)), including, inter alia, the strength of Plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of certifying the proposed Settlement Class and – if successful – maintaining class action status throughout trial; the relief provided for in the Settlement; the extent of discovery completed and stage of the proceedings; the experience and views of Class Counsel and a highly-qualified mediator; and the reaction of Settlement Class Members to the proposed Settlement.  Furthermore, the Court has specifically

considered the factors relevant to class settlement approval set forth in Fed. R. Civ. P. 23(e) and this District's Procedural Guidance for Class Action Settlements, including whether:

(A) the Class Representatives and Class Counsel have adequately represented the Settlement Class;

(B) the Settlement was negotiated at arm's length;

(C) the relief provided for the Settlement Class is adequate, taking into account:

    (i) the costs, risks, and delay of trial and appeal;

    (ii) the reasonableness of Rule 23(b)(2) notice of the Settlement to the Settlement Class Members;

    (iii) the terms of any proposed Class Representative service awards, including the timing of payment and any justification for the service awards; and

    (iv) any agreement required to be identified under Rule 23(e)(3);

(D) any Settlement Class Members objected to or commented on the Settlement; and

(E) the Settlement treats Settlement Class Members equitably relative to each other.

8. The Court has scrutinized the Settlement and negotiation history for any signs of potential collusion (*see, e.g., In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011)), and finds that the Settlement is not the product of collusion. This finding is supported by, among other things: the fact that the Settlement was facilitated by experienced, well-qualified counsel; the Settlement provides substantial benefits to Settlement Class Members; the significant benefits provided to Settlement Class Members are appropriate under the circumstances of this Lawsuit; the Settlement was agreed to only after serious, informed, arm's-length negotiations led by JAMS mediator Read Ambler (Ret.) who conducted three private mediation sessions and continued supervision and direction over the Parties' settlement efforts; and only after the Parties reached agreement in principle with respect to the substantive terms of the Settlement, they agreed that Class Counsel may move the Court for Google to pay an award of reasonable attorneys' fees and expenses, but that Google may contest the amount and that the Parties will

1  accept any Court order on attorneys' fees and expenses. As addressed separately, Google did not
2  oppose the Plaintiffs' motion for an award of fees and expenses.

3        9.      Google has agreed to provide the following meaningful injunctive relief.  Google
4  has taken several measures to remedy the alleged security vulnerability in its EN System made
5  known to Google and then raised by Plaintiffs in their Amended Complaint in this Lawsuit.
6  These remedial measures include: (i) software code changes Google rolled out to EN users on
7  April 21, May 5, and May 26, 2021 to improve how technical information is logged to Android
8  system logs to provide additional privacy protection for users of contact tracing apps and (ii)
9  implementing and completing a process designed to search for and eliminate the data alleged in
10 the Amended Complaint to have been generated by the EN System prior to the code updates
11 described in subsection (i) in this paragraph and that could have allegedly allowed an inference of
12 COVID status ("EN System data") Google may find within its databases.

13       10.     As consideration for the complete and final settlement of the Lawsuit, the releases,
14 and other promises and covenants set forth in the Settlement Agreement, and subject to the other
15 terms and conditions therein, Google shall implement the following injunctive relief:  (i) not
16 revert the software code changes described in the Settlement Agreement and in paragraph 9
17 above; (ii) confirm in writing that, after a good-faith, thorough search, it has identified no EN
18 System data on its internal systems from which any employee could draw any inference about the
19 health status of an EN user; (iii) edit the following Google webpage on the EN System,
20 http://www.google.com/covid19/exposurenotifications/, to revise the "Exposure Notifications and
21 your privacy" section to explain and describe the heightened security and privacy protections that
22 address the concerns that Plaintiffs raised in this Lawsuit and in their Amended Complaint; and
23 (iv) that Plaintiffs may seek from the Court an injunction to enforce the terms of the Settlement
24 Agreement, including Google's Representations and Warranties set forth in Section 4 of the
25 Settlement Agreement, concerning a number of issues central to Plaintiffs' allegations, including
26 the results of Google's own investigation into Plaintiffs' allegations.

27
28

11. The Parties are to bear their own costs, except as awarded by this Court in a separate judgment and Order on Attorneys' Fees made pursuant to Federal Rule of Civil Procedure 58.

12. The Parties and Settlement Class Members are bound by the terms and conditions of the Settlement. Upon the Effective Date of this Settlement, Plaintiffs and each and every Settlement Class Member shall be deemed to have released, acquitted and forever discharged the Defendant, from any and all Settled Claims.

13. The Court hereby certifies, pursuant to Fed. R. Civ. P. 23(b)(2), Plaintiffs' claims of (i) intrusion upon seclusion; (ii) public disclosure of private facts; (iii) the California Constitutional Right to Privacy; and (iv) California Confidentiality of Medical Information Act, Cal. Civ. Code §§ 56 *et seq*; on behalf of a Settlement Class defined as follows:

> all natural persons in the United States who downloaded or activated a contact tracing app incorporating the Google-Apple Exposure Notification System on their mobile device. Excluded from the Class are Google, its current employees, officers, directors, legal representatives, heirs, successors and wholly or partly owned subsidiaries or affiliated companies; the undersigned counsel for Plaintiffs and their employees; and the judge and court staff to whom this case is assigned.

14. The Court finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a): (1) <u>Numerosity</u>: the Settlement Class is comprised of millions of individuals, because contract tracing apps have been used by various state agencies and downloaded millions of times in the United States; (2) <u>Commonality</u>: Plaintiffs readily meet this standard because common questions underlie Plaintiffs' claims including, among others, whether Google's EN system data violated reasonable expectations of privacy and was highly offensive to a reasonable person; (3) <u>Typicality</u>: the Class Representatives' claims are typical of those of the Settlement Class Members, because Plaintiffs allege a common course of conduct involving whether Google's EN system logged and shared personally identifying information and confidential medical information from the Class Representatives and other Settlement Class Members; and (4) <u>Adequacy</u>: the Class Representatives and Class Counsel have fairly and adequately protected the interests of the Settlement Class, and shall continue to do so.

15. The Court finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(2), because "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief . . . is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).  This is because the injunctive relief set forth in the Settlement Agreement would resolve the alleged violations and offer appropriate relief to the entire Settlement Class.

16. The Court has reviewed the application for an award of a $2500 service award to each of the two Class Representatives (totaling $5000) submitted by Class Counsel and the memoranda of law and other materials submitted regarding that application. The benefits described above are the only consideration the Defendant shall be obligated to give to the Settlement Class Members, with the exception of the service awards to be paid to the Class Representatives, which are supported by – among other things – evidence of the Class Representatives' active involvement in the Lawsuit. Those service awards shall be paid by Google within twenty-one (21) calendar days of the Effective Date.

17. Plaintiffs and Releasing Parties fully and forever release Google and the Released Parties from any and all Settled Claims, and Plaintiffs and Releasing Parties covenant and agree that they will not take any steps whatsoever to assert, sue on, continue, pursue, maintain, prosecute, or enforce any of the Settled Claims, directly or indirectly, against the Released Parties. The obligations incurred pursuant to the Settlement Agreement shall be a full and final disposition of the Lawsuit and any and all Settled Claims, as against all Released Parties.  The Settled Claims do not include claims for damages or other monetary relief. The Settled Claims do include causes of action regarding the handling of EN System data on system logs.

18. By entering this Order, the Court does not make any finding of liability or wrongdoing as to Google.

19. Without affecting the finality of this order or the final judgment in any way, the Court shall retain personal and subject matter jurisdiction over the Lawsuit after the entry of the Final Approval Order to oversee the implementation and enforcement of this Settlement Agreement, the order preliminarily approving the Settlement Agreement, the Final Approval

Order, and the determination of Class Counsel's request for reasonable attorneys' fees, expenses, and any award thereon. Plaintiffs' Class Counsel is ordered to file a post-distribution accounting and status report within 14 days after the Settlement Agreement has been fully implemented.

**IT IS SO ORDERED.**

Dated:   October 31, 2022

_____
HON. NATHANAEL M. COUSINS
UNITED STATES MAGISTRATE JUDGE