FILED

Oct 31 2022

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JONATHAN DIAZ and LEWIS BORNMANN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:21-CV-03080-NC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS** |

This matter came before the Court for hearing via Zoom on October 11, 2022, pursuant to the Court's Preliminary Approval Order dated June 30, 2022 (Dkt. 71). The Court has considered Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards, the documents submitted in support thereof, and the record in this Action. Good cause appearing to grant Plaintiffs' Motion, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

## BACKGROUND

1. Plaintiffs commenced this Action against Google in 2021. The operative Amended Complaint alleges that Google's system for digital "contact tracing" on mobile devices to help combat the spread of COVID-19, which uses "Contact Tracing Apps" that incorporate Google's "Exposure Notifications" or "EN System," was fundamentally flawed in its design and implementation by leaving users' private medical and personally identifying information unprotected on mobile device "system logs" to which Google and third parties had routine access. *See* Am. Compl. ¶¶ 50–51, 55–59, 69.

2. On behalf of a putative class of persons who downloaded or activated Contact Tracing Apps, Plaintiffs and Class Counsel pursued common law claims for public disclosure of private facts and intrusion upon seclusion, and, on behalf of a putative subclass of California users, claims under Article 1, Section 1, of the California Constitution, and under the Confidentiality of Medical Information Act (CMIA). Cal. Civ. Code §§ 56 *et seq.*

3. The Parties have settled the Action. On October 31, 2022, the Court certified a class of all Contact Tracing App users in the United States for settlement purposes, subject to certain exclusions; finally approved the Parties' Settlement Agreement resolving this Action; and entered judgment according to the Settlement Agreement's terms.

## ATTORNEYS' FEES

4. Class Counsel are entitled to a reasonable fee in the amount requested by their Motion: $1,958,208.00, representing a reasonably incurred lodestar of $979,104.00, times a reasonable and justified 2.0 multiplier.

5. In a class action, a court may award reasonable attorneys' fees as authorized by law or by the parties' agreement. Fed. R. Civ. P. 23(h). The Parties have agreed that Class

1  Counsel may move the Court for Google to pay an award of reasonable attorneys' fees and
2  expenses. *See* Dkt. 64-1 Ex. 1, ¶ 17. Because the Parties' agreement is governed by California
3  law, *id.* ¶ 9, California law applies to Class Counsel's request for fees. *See Vizcaino v. Microsoft*
4  *Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).

5     6.   Under California law, the lodestar method is "the primary method" for awarding
6  attorneys' fees. *Lealao v. Beneficial Cal., Inc.*, 97 Cal. Rptr. 2d 797, 803 (Ct. App. 2000).
7  Similarly, federal courts apply the lodestar method in class actions where a significant component
8  of the relief obtained is injunctive in nature. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d
9  935, 941 (9th Cir. 2011) ("The 'lodestar method' is appropriate in class actions ... where the relief
10 sought—and obtained—is often primarily injunctive in nature and thus not easily monetized[.]");
11 *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) (lodestar method appropriate in
12 "injunctive relief class actions"). Under the lodestar method, courts multiply the number of hours
13 reasonably expended by a reasonable hourly rate. *Hanlon*, 150 F.3d at 1029 (citing *Blum v.*
14 *Stenson*, 465 U.S. 886, 897 (1984)); *Lealao*, 97 Cal. Rptr. 2d at 803. Courts regularly award
15 multipliers of that lodestar that "reflect[] a host of 'reasonableness' factors" including the benefit
16 obtained for the class, the complexity and risk of the case, and the quality of the representation
17 provided. *Laffitte v. Robert Half Int'l Inc.*, 376 P.3d 672, 676–77 (Cal. 2016).

18    7.   Class Counsel's 1,423.7 hours expended in this Action thus far are well
19 documented and reasonable, as presented in the supporting Declaration of Douglas I.
20 Cuthbertson. Counsel conducted an audit of their billing records and excluded several categories
21 of time entries, including among others (i) duplicative, unnecessary, or irrelevant entries; (ii)
22 entries entered by timekeepers who recorded a *de minimis* amount of time; and (iii) entries
23 reflecting time spent in preparation of this Motion. Class Counsel staffed this Action and divided
24 their resources in an efficient manner.

25    8.   Class Counsel's hourly rates are reasonable for attorneys of similar skill and
26 experience in the relevant legal market, that is, the Northern District of California. *See Lilly v.*
27 *Jamba Juice Co.*, No. 13-cv-02998, 2015 WL 2062858, at *5 (N.D. Cal. May 4, 2015). Courts in
28 this District have consistently approved Class Counsel's firm's rates. *See, e.g., In re Plaid Inc.*

1  *Privacy Litig.*, No. 4:20-cv-03056 (N.D. Cal. July 20, 2022) (approving hourly rates of $610 to $1,025 for partners, $465 to $535 for associates, and $370 to $395 for paralegals and other support staff set forth by declaration at Dkts. 157-1, 182-3), Dkt. 184. The rates Class Counsel charged here ($610 to $1,025 for partners, $485 for associates, and $395 for paralegals) are in line with these prior approvals.

9. Class Counsel's requested multiplier and overall fee are reasonable and justified in this case. *First,* the benefits obtained for the Class, which is the principal factor to be considered, weighs strongly in favor of Counsel's request. The injunctive remedy provided by the Settlement Agreement represents immediate relief for the privacy violations Plaintiffs alleged and permanent improvements to the privacy protections of the EN System for all users. *Second,* both factually and legally, this Action was novel, complex, and risky, and entailed substantial risk of nonpayment. Factually, Plaintiffs' claims involved unfamiliar concepts (contact tracing), a new and unstudied technology (the EN System), and the complexities of mobile networking technologies and mobile application design practices. Legally, Plaintiffs' claims represented novel attempts to apply common law privacy torts and the CMIA to the above facts. Class Counsel prosecuted Plaintiffs' claims on a purely contingent basis, despite the risk that they might not be compensated. This factor weighs strongly in favor of Counsel's request. *See Stetson v. Grissom*, 821 F.3d 1157, 1166 (9th Cir. 2016). *Third,* Class Counsel advocated for the Class with skill and high-quality representation not reflected in Counsel's lodestar, in light of the innovative informal resolution process Counsel spearheaded that brought this Action to fast and favorable resolution for the Class. Class Counsel's efficiency and skill had the effect of lowering their overall lodestar, for which Class Counsel should not be penalized in the form of a lesser fee. *See Johnson v. Fujitsu Tech. & Bus. of Am. Inc.*, No. 16-cv-03698-NC, 2018 WL 2183253, at *7 (N.D. Cal. May 11, 2018) (citing *Vizcaino*, 290 F.3d at 1050 n.5). Taken together, these considerations establish the reasonableness of Class Counsels' requested multiplier and overall fee.

# EXPENSES

10. Class Counsel are entitled to reimbursements of the expenses they incurred investigating and prosecuting this matter. *See Staton v. Boeing Co.*, 327 F.3d 938, 974 (9th Cir. 2003). Class Counsel incurred $56,457.44 in out-of-pocket litigation expenses (almost entirely expert and mediation costs) for which they seek reimbursement. These expenses were reasonably incurred and the Court approves the reimbursements, to be paid by Google under the Parties' Settlement Agreement. *See* Dkt. 64-1 Ex. 1, ¶ 17.

# SERVICE AWARDS

11. For their service to the Class, Plaintiffs as Class Representatives are entitled to service awards in the amount sought by their Motion: $2,500 each, or $5,000 total.

12. Service awards are "fairly typical" in class action cases and are "intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009). Ninth Circuit Courts have found that $5,000 is a presumptively reasonable service award. *Harris v. Vector Mktg. Corp.*, 2012 WL 381202, at *7 (N.D. Cal. Feb. 6, 2012).

13. Plaintiffs played in important role in this Action by putting their private medical history at issue to gain protections for others amid the on-going pandemic and for the benefit of the Class. Each Plaintiff devoted time and energy to this action among other ways by: (i) providing information to Class Counsel that informed the complaints; (ii) regularly communicating with Class Counsel about strategy and major case developments; (iii) providing their mobile devices (which contain highly sensitive and important personal information) to Class Counsel, so that those devices could be forensically imaged and safely preserved for discovery purposes; and (iv) reviewing Google's technical disclosures as part of the settlement process and the proposed settlement terms. In light of their contributions, Plaintiffs' requested awards are reasonable.

## **CONCLUSION**

14. For the reasons given above, the Court GRANTS the unopposed Motion and ORDERS that Google (i) pay Class Counsel a reasonable fee of $1,958,208.00; (ii) reimburse Class Counsel's reasonable litigation expenses in the amount of $56,457.44; and (iii) pay Plaintiffs $2,500 each, $5,000 total, for their service to the Class.

**IT IS SO ORDERED.**

Dated: October 31, 2022

                                        HON. NATHANAEL M. COUSINS
                                        UNITED STATES MAGISTRATE JUDGE

2442391.1

ORDER GRANTING
PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 5:21-CV-03080-NC